## 6276. KENDRICKS *v.* CITY OF MILLEN.

1. The act of 1902, providing how a person convicted in a police court may apply for and obtain the writ of certiorari (Acts 1902, p. 105), is a general law in force except in so far as sections 5192 et seq. of the Civil Code (1910) may conflict with it. Section 66 of the act of 1914 incorporating the city of Millen (Acts 1914, p. 1088), which declares that violators of municipal ordinances may apply for the writ of certiorari in accordance with the law governing certiorari from county courts (Penal Code of 1895, § 765), is a special law, apparently in conflict with an existing general law and violative of article 1, section 4, paragraph 1, of the constitution of Georgia; but the question as to its constitutionality is not certified by this court to the Supreme Court, for the reason that a decision of this question is not necessary to the determination of the case under consideration (Civil Code, § 6506).

2. Where a petition for certiorari to review an alleged violation of a municipal ordinance was sanctioned, and the bond attached to the petition did not bind the defendant to personally appear and abide the judgment or sentence in his case, the bond was void. It did not comply with the provisions of the act of 1902, supra, or with sections 5192-4 of the Civil Code, or even with the provisions of section 765 of the Penal Code of 1895. Section 765 of the Penal Code of 1895 provides that an applicant for certiorari thereunder shall give bond and security as required of persons "when carrying criminal cases to the Supreme Court," and section 1104 of the Penal Code of 1910, which provides as to the bond to be given to carry a criminal case to the Supreme Court, declares that the bond shall be "conditioned for the personal appearance of such defendant to abide the final order, judgment, or sentence of said court." See also, in this connection, *Johnson* v. *Hazlehurst,* 8 *Ga. App.* 841 (70 S. E. 258); *Cannon* v. *Americus,* 11 *Ga. App.* 95 (74 S. E. 701); *Dixon* v. *Waynesboro,* 10 *Ga. App.* 801 (74 S. E. 302); *Bush* v. *Boykin,* 137 *Ga.* 464 (73 S. E. 652).

(*a*) The bond given in this case declares that the accused and his security "acknowledge themselves jointly and severally bound to said mayor and city council aforesaid, and their successors in office, in the penal sum of fifty dollars, and all future costs that may accrue in said case, for the payment of which they bind themselves, heirs, executors and administrators firmly by these presents," and does not provide for the personal appearance of the defendant to abide the final order, judgment or sentence of any court.

3. Where the order of the judge of the superior court, dismissing a petition for certiorari, is proper and legally justified for a reason other than that assigned by him, his action will be affirmed.

DECIDED MAY 4, 1915.

Certiorari; from Jenkins superior court—Judge H. C. Hammond. November 30, 1914.

*Reynolds & Rabb,* for plaintiff in error.

*G. C. Dekle,* contra.

18

WADE, J. No extended discussion of the various points covered by the foregoing headnotes is considered necessary. Some express reference, however, to the act of 1902 (Acts 1902, p. 105) is deemed advisable, in view of the confusion sometimes arising from a hasty assumption that the act of 1909 (Acts 1909, p. 148), embodied in sections 5192, 5193, and 5194 of the Civil Code, has superseded and repealed *all* the provisions of the act of 1902. The act of 1902, by its terms, requires that one seeking to review the judgment of a municipal court by certiorari shall, as a condition precedent to the grant of the writ by the judge of the superior court, "*first* file with the clerk of said court, or, if no clerk, with the judge of said court," except where a pauper's affidavit is provided in lieu thereof, "a bond payable to the municipal corporation under which such court exists, . . conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court;" or if he be unable from his poverty to give the bond required, he must make affidavit to this effect, and the judge of the superior court shall thereupon, in granting the writ of certiorari, order a supersedeas, though the defendant shall not be set at liberty without giving the bond.

As clearly indicated in *Johnson* v. *Hazlehurst,* supra, and in numerous other cases decided by this court, the law providing for the filing of the required bond or an affidavit in forma pauperis is still unrepealed and of full force and effect, notwithstanding the act of 1909 (Civil Code, §§ 5192-4), which covers in part the same subject-matter. The act of 1902, as appears from the title thereof, was "an act to require any person seeking a writ of certiorari to correct the judgment of a recorder's court or other police court of any town or city, by whatever name known, to give bond, except under certain conditions, to provide when such writ or bond shall operate as a supersedeas, and for other purposes." The act of 1909 is declared by its title to be "an act to provide for supersedeas of judgments of conviction in county courts, municipal courts, police courts, and all other inferior courts (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction; to provide for the giving of bail, for the filing of pauper affidavits; to declare the effect of the giving of the same, and for other purposes." There is nothing in the act of 1909 which appears to relate to the primary steps which, under the act of 1902, must be taken by one

seeking the writ of certiorari, but the whole purpose of this later act was to provide one general method by which the supersedeas of judgments of conviction in county courts, municipal courts, police courts, and all other inferior courts (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction might be had; and so far as relates to supersedeas of judgments of conviction in such courts or to the release of those under conviction in such courts by giving bail, this act entirely supersedes the act of 1902, which relates merely to recorder's courts or other police courts. The act of 1909 does not by its terms, or by any legitimate deduction that may be drawn therefrom, rescind or repeal the provision in the act of 1902 requiring that in appeals by certiorari from municipal or police courts, the affidavit or bond made to obtain a supersedeas or to release the accused from custody shall be made before the certiorari is presented to the judge of the superior court for his sanction; but it relates, as already said, solely to the manner in which supersedeas may be obtained, not only in police courts, but in other inferior courts where criminal or quasi-criminal proceedings may be had, and seeks to provide a general rule. So far as the subjects included by the act of 1909 are concerned, that act undoubtedly supersedes and repeals the act of 1902; and if there be any conflict between the two acts, the procedure provided in sections 5192-4 of the Civil Code must be followed, and any certiorari may be dismissed where the bond or affidavit in lieu thereof fails to come up to the requirements of these sections. No conflict could exist, however, between the two acts so far as relates to a subject-matter or to a method of procedure which the act of 1909 does not attempt to deal with.

The act of 1902 declares that in order to obtain a certiorari, a certain bond or certain affidavit must be made, and that where such a bond or affidavit is made, the judge of the superior court to whom the petition is presented shall "in granting the writ of certiorari, order a supersedeas," and where the bond is given the defendant may, in addition to obtaining the supersedeas, be set at liberty. The act of 1909, embodied in sections 5192-4 of the Civil Code, makes no attempt to prescribe the conditions precedent or the requirements which must be complied with before a judge of a superior court is authorized to sanction an application for the writ; and therefore it leaves the provisions in the act of 1902, relating to

these essential prerequisites, as to certiorari in cases from police courts, exactly as they were prior to the passage of the act of 1909, though undertaking to prescribe one general rule whereby a supersedeas may be obtained in any case arising either in a police court or in any other inferior court therein mentioned. If it be not necessary under any general law, or under the law establishing a particular court, that a bond or affidavit be given before the sanction of a certiorari (as, for instance, in the criminal court of Atlanta—*Laws* v. *State,* 15 *Ga. App.* 361, 83 S. E. 279), a petition for certiorari might be presented to the judge of the superior court for sanction without either bond or affidavit in forma pauperis, and thereafter (if the petition were sanctioned and the writ ordered to issue), he might file the necessary bond or affidavit as provided by sections 5192-3 of the Civil Code, and obtain a supersedeas. The act of 1909 expressly excepts from its operation "constitutional city courts;" and since the methods of procedure in the city courts are not regulated by any general law, but each court is to some extent sui generis, and the procedure in the numerous city courts is as varied in some respects as the tinted leaves of autumn, it is possible that the primary or initial steps governing the sanction of applications for certiorari in cases from the various courts of this class may differ in essential particulars; and so likewise the supersedeas of judgments of conviction in criminal cases from such courts. is not controlled by the provisions of section 5192-4 of the Civil Code, and the legislature may at will and without violating article 1, section 4, paragraph 1, of the constitution of this State, provide different methods by which the right of appeal by certiorari from such courts may be exercised. There is, however, a general law providing what shall be done before a petition to review by certiorari a judgment of a municipal court may be presented to the judge of the superior court (Acts 1902, p. 105), and also a general law covering the grant of a supersedeas to those convicted in police courts, county courts, and various other inferior courts named; and hence it is obvious that no special law as to any particular municipal or other court included by the terms of the general law could properly be passed by the legisature. As we understand it, and as already indicated above, the act of 1902 is still in full force and effect, and the act of 1909 supersedes the former act only in so far as it may by its terms conflict therewith; so that

the essential prerequisites to the sanction of a certiorari in a case from a police court, set out in the act of 1902, are still essential, and the act of 1909 only modifies the former act (if there be any conflict between them) in so far as relates to supersedeas and bail, which subject the last was intended alone to cover.

It is unnecessary to say more, in affirming the judgment of the court below dismissing the petition for certiorari in this case, than to call attention to the fact that the bond attached to the petition, which was attested and approved by the mayor of the City of Millen, simply binds the defendant and his surety to the mayor and council of that city "in the penal sum of $50, and all future costs which may accrue in said case, for the payment of which they bind themselves," etc. As was said in *Bush* v. *Boykin,* supra, and in *Dixon* v. *Waynesboro,* supra, where it nowhere appears in the record of a certiorari case that the bond or pauper affidavit required by the act of 1902 has been filed, the certiorari should be dismissed; and in *Johnson* v. *Hazlehurst,* supra, the court said that the bond attached to a petition for certiorari was fatally defective "in that the petitioner, who had been convicted in the municipal court, was not obliged thereby to appear and abide the final judgment." As to the form of the bond to be given, the act of 1909 (Civil Code, §§ 5192-4) makes practically the precise requirement that is made by the act of 1902; for section 5192, supra, provides that the bond must be "conditioned that the defendant will personally appear and abide the final judgment, order, or sentence upon him in said case." Section 765 of the Penal Code of 1895, taken together with section 1077 of that code (section 1104 of the Penal Code of 1910), makes the same provision as to bond.

The bond given by the defendant in the case now under consideration does not require that the defendant shall personally appear and abide the final judgment, etc., in his case, but declares merely that the principal and his surety acknowledge themselves generally and specially bound in the "penal sum of $50, and all future costs that may accrue in said case." This clearly is no such bond as is required by the act of 1902, or by section 5192, or by sections 765 and 1077 of the Penal Code of 1895, relating to bonds to be given for certiorari in cases from county courts; and hence the certiorari was properly dismissed.

The proceeding being fatally defective and being properly dis-

missed, it is immaterial upon what ground the judge of the superior court based his ruling. The result was correct, and was the only legal result that could have been reached in the premises; and if (because, perhaps, of ·the pressure under which such matters often are necessarily considered and passed upon by the trial courts) the presiding judge neglected to make his order of dismissal include various valid reasons appearing upon the face of the proceedings, it would be futile to send the case back in order that it might be again dismissed for the specific reason rendering it subject to such dismissal.　　　　　　*Judgment affirmed.*