7664.   HUBERT v. CITY OF THOMASVILLE.

BROYLES, J. 1. The filing of a bond conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence upon him in the case, or the filing of a proper affidavit in forma pauperis, in lieu of such a bond, is a condition precedent to obtaining a writ of certiorari in a case where one seeks to review the judgment of

a municipal police court. Acts, 1902, p. 105, Park's Code, § 5191 (a);
Acts of 1909, p. 148, Park's Ann. Code, § 5192; *Veazey* v. *Crawfordville,*
126 *Ga.* 89 (54 S. E. 817); *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941);
*Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142); *McDonald* v. *Ludo-*
*wici,* 3 *Ga. App.* 654 (60 S. E. 337); *Simon* v. *Savannah,* 4 *Ga. App.*
171 (60 S. E. 1036); *Poulos* v. *Atlanta,* 4 *Ga. App.* 567 (61 S. E. 1128);
*Scott* v. *Camilla,* 7 *Ga. App.* 689 (67 S. E. 846); *Moon* v. *Jefferson,* 10
*Ga. App.* 572 (73 S. E. 854); *Dixon* v. *Waynesboro,* 10 *Ga. App.* 801
(74 S. E. 302); *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (85 S. E. 264);
*Roberts* v. *Colquitt,* 17 *Ga. App.* 557 (87 S. E. 816); *Toliver* v. *Wrights-*
*ville,* 17 *Ga. App.* 345 (86 S. E. 823); *Flynn* v. *East Point,* ante, 729
(90 S. E. 372).

(a) It logically follows that *before* the movant can have his petition
sanctioned, he must *affirmatively show* to the court that he has filed
either the pauper's affidavit or a bond conditioned as stated above; and
this is not affirmatively shown by merely alleging in the petition that
he has filed a bond such as the law requires, or by using words to that
effect. Such an allegation is a mere conclusion of law (*Toliver* v.
*Wrightsville,* supra), and may be, and, as a matter of general knowl-
edge, often is, an erroneous conclusion. The best way to show that a
proper bond has been given is to attach to the petition a certified copy
of the bond, with a certificate of approval by the proper officer, and
allege affirmatively that the bond was given and approved as required
by law. However, where this is not done, *the petition must set forth*
*all the essential substantive facts which are necessary to enable the*
*judge of the superior court to intelligently decide whether or not the*
*bond given is really such a bond as is demanded by the statute.* In
other words, where no certified copy of the bond is attached to the peti-
tion, the bond must, in substance at least, be set forth in the petition.
It would be manifestly against the spirit of the statute to require the
judge of the superior court to accept, as an affirmative showing that
the proper bond has been given, the mere statement in the petition to
that effect, which, as already stated, is not an allegation of fact, but a
mere conclusion of the petitioner. Any other ruling would in many
cases entirely defeat the clearly expressed intent of the lawmakers, by
allowing a defendant to obtain the writ of certiorari, when in fact he
has not complied with one of the essential prerequisites for ob-
taining it, to wit, the giving of such a bond as the statute requires.
In some instances justice might be delayed or entirely defeated by the
convicted person thus wrongfully obtaining sanction of the certiorari
upon the giving of a fatally defective bond, the sanction carrying with
it a supersedeas of all the proceedings in the case and the release of
the defendant from custody.

2. In this case no copy of the bond is set forth in the petition or attached
thereto as an exhibit; nor does the petition allege that the bond given
was conditioned for the personal appearance of the accused to abide the
final order, judgment, or sentence upon him in the case, but merely
recites that the accused "duly filed with the clerk of said police court
a bond approved by said clerk, payable to said municipality, as pro-
vided by law in such cases of certiorari, and said bond was duly ac-

cepted by said clerk of said police court, the same being in an amount and with security acceptable to and approved by the said clerk." It is, therefore, not shown that this condition precedent to obtaining a writ of certiorari from the judgment of a municipal court was complied with; and, accordingly, the judge of the superior court did not err in refusing to sanction the writ. Any holding in *Cannon* v. *Americus,* 11 *Ga. App.* 95 (74 S. E. 701), which may be contrary to this ruling, is, on review, hereby expressly overruled. *Judgment affirmed.*

DECIDED OCTOBER 24, 1916. REHEARING DENIED NOVEMBER 16, 1916.

Certiorari; from Thomas superior court—Judge Thomas. June 12, 1916.

*C. E. Hay,* for plaintiff in error.

### ON MOTION FOR REHEARING.

PER CURIAM. The ruling in this case is not contrary to anything that was said by this court in the cases of *Porter* v. *Thomasville,* 16 *Ga. App.* 313 (85 S. E. 283); *Moore* v. *Thomasville,* 17 *Ga. App.* 285 (86 S. E. 641), or *Sampson* v. *Thomasville,* 17 *Ga. App.* 541 (87 S. E. 835), cited in the motion for rehearing. Neither is it in conflict with the ruling in *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (57 S. E. 975), that "in application for certiorari, all the allegations of fact therein contained, including statements of what was testified, are to be taken and considered as true by the court, when clearly set forth and when the petition is verified as prescribed in the Civil Code, § 4638" (Code of 1910, § 5184); for the allegations in the petition in the case at bar, that the accused, after his conviction, "duly filed with the clerk of said police court a bond approved by said clerk, payable to said municipality, as provided by law in such cases of certiorari, and said bond was duly accepted by said clerk of said police court, the same being in an amount and with security acceptable to and approved by the said clerk," are not purely allegations of fact, but are a mixture of fact and of conclusions of law. The allegation that the bond was such a bond "as provided by law in such cases of certiorari" was *not an allegation of fact, but was a mere legal conclusion of the petitioner.*

The decision in the case of *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142), cited by the plaintiff in error, when properly considered, is not controlling in the instant case, for it is well settled that any ruling by a court of review must be considered in the light of the facts of the case then under review. In that case the judge of the superior court had sanctioned the certiorari, and the recorder, in obedience to the order of the court, had filed his an-

swer to the petition, in which he admitted that the defendant had given the bond required by the statute, and the decision of the Supreme Court was in effect that since the judge of the superior court had considered the affirmative allegation in the verified petition, as to compliance with the statute in giving the bond, sufficient to cause him to sanction the issuance of the writ as prayed for, and since the recorder had filed his answer, in *which he verified the affirmative allegation in the petition*, the court erred in dismissing the certiorari, without proof that the bond required by law had not been given. The only point in the case was as to the correctness of the judgment dismissing the writ of certiorari, after it had been issued. The action of the judge in sanctioning the writ was not excepted to, and was not involved in the decision of the case, and the statement in the decision, that the affirmative allegations in the petition were in themselves sufficient to authorize the sanction of the writ, was merely obiter; as was likewise the expression by the reviewing court that its ruling would have been the same even if the answer of the recorder, verifying the allegations in the petition, had not been considered. It has been uniformly held by the Supreme Court and by this court that one of the essential prerequisites for the obtaining of sanction to a certiorari to review the judgment of a municipal court is the giving of such a bond as is required by the statute, and that this must be affirmatively shown by the petition; and we now hold unequivocally that the mere allegation in the petition that such a bond has been given is not such an affirmative showing as the law requires. We do not think that this ruling is contrary to any decision of the Supreme Court or of this court (obiter expressions excepted). It may be an extension of the rulings in such cases, but in our opinion it is a reasonable, just, and legal one.

*Motion for rehearing denied.*