## 7763. FAIRFAX v. CITY OF ATLANTA.

WADE, C. J. 1. The judge of the superior court did not err in refusing to sanction a certiorari to review a judgment of the recorder of a municipal court, where it did not affirmatively appear by any definite recital in the petition, or from a certified copy or otherwise, that the defendant filed with the proper officer a bond payable to the municipality, "in amount and with security acceptable to and approved by" such officer, "conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court, in said - case" (Acts 1902, p. 105; Park's Ann. Code, § 5191 (a)), or that, being unable from poverty to give bond, he furnished a proper pauper affidavit—conditions precedent to the issuance of a certiorari to review the judgment of a municipal court. Kendricks v. Millen, 16 Ga. App. 273 (85 S. E. 264).

2. The recital in the petition for certiorari, that the petitioner "has given bond and security and paid the cost as required by law," does not affirmatively show a compliance with either of the conditions precedent to the issuance of the writ of certiorari, prescribed by the act of 1902, supra, but "states a conclusion only, and not the essential substantive facts. The law requires either an affidavit in forma pauperis or a bond approved by the clerk, and it does not appear that either condition precedent was complied with, and therefore the judge of the superior court did not err in refusing the writ." Toliver v. Wrightsville, 17 Ga. App. 345 (86 S. E. 823), and cases there cited. See, also, Hubert v. Thomasville, ante, 756 (90 S. E. 720), and Mitchell v. Thomasville, ante, 781 (90 S. E. 721).     Judgment affirmed.

DECIDED NOVEMBER 16, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. July 1, 1916.

R. R. Shropshire, for plaintiff in error.

J. L. Mayson, S. D. Hewlett, contra.