# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## OCTOBER TERM, 1916.

---

7827. GILLESPIE *v.* MAYOR AND COUNCIL OF MACON.

A petition for certiorari to review the judgment of a police or recorder's court, unless a pauper's affidavit is made, must affirmatively allege (among other things) that the petitioner has filed with the clerk of that court, if it has a clerk, *a bond* payable, etc., and conditioned, etc., *which has been approved and accepted by said clerk;* and there should be attached to the petition a certified copy of the bond, together with a certificate from the clerk of the court that the bond was filed with him and was approved and accepted by him. Unless all these things appear, to wit, the aforesaid allegations in the petition, the certificate of the clerk of the court verifying them, and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing.

DECIDED NOVEMBER 16, 1916. REHEARING DENIED DECEMBER 8, 1916.

Certiorari; from Bibb superior court—Judge Mathews. June 15, 1916.

*John R. Cooper, W. A. McClellan,* for plaintiff in error.

*W. D. McNeil,* contra.

BROYLES, J. One of the mandatory requirements of the statute providing how a writ of certiorari to review the judgment of a police or recorder's court can be obtained (Acts of 1902, p. 105; Park's Ann. Code, § 5191 (a)) is that the accused, after his conviction, shall file with the clerk of the court (if it has a clerk) a bond, payable, etc., and conditioned, etc., with surety acceptable to and approved by the said clerk. In this case, in which it was

1

sought to review by certiorari a judgment of the recorder's court of Macon, there is no allegation, either in the bill of exceptions or in the petition for certiorari, that the defendant had filed any bond with the clerk of the recorder's court of Macon, or that any bond had been approved and accepted by the clerk. The mere fact that "a bond" was specified in the bill of exceptions as a material part of the record to be sent up to this court, and that there is attached to the bill of exceptions what purports to be a copy of a certiorari bond in the case referred to, and that it appears from this copy that this bond was approved by the clerk of the recorder's court of Macon, is not sufficient. *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941), and *Veazey* v. *Crawfordville,* 126 *Ga.* 89 (54 S. E. 817). All the essential facts as to the giving of the bond, its approval by the proper officer, etc., its condition, etc., should be affirmatively alleged in the petition for certiorari, and, in addition, a certified copy of the bond should be attached to the petition, together with a certificate from the clerk of the court (if there be a clerk), verifying the allegations in the petition that the bond has been approved and accepted by said clerk. *Hubert* v. *Thomasville,* 18 *Ga. App.* 756 (90 S. E. 720). Unless all of these things are done, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing, as a petition for certiorari can in no case be amended. This ruling is not in conflict with *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142), for in that case the petition for certiorari distinctly alleged that "petitioner has filed with the clerk of said recorder's court a bond, approved by the said clerk, . . and said bond accepted by said clerk of said recorder's court." As the mandatory provisions of the statute were not complied with in this case, the certiorari should not have been sanctioned. The judge of the superior court, however, having sanctioned it, committed no error in overruling and dismissing it after a hearing upon its merits. It does not appear in the judgment of dismissal for what reason the certiorari was overruled, but, as the judgment of dismissal was correct, it should nevertheless be affirmed. *Memmler* v. *State,* 75 *Ga.* 576 (1a) ; *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (3), 277, 278 (85 S. E. 264) ; *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372). .     .     *Judgment affirmed.*