### 9305. PARKS *v.* CITY OF ATLANTA.

With the petition for certiorari to review a judgment of conviction of violating a municipal ordinance no pauper affidavit was filed; and no copy of the bond required by law was incorporated in the petition, nor was a certified copy attached. An alleged copy of a bond attached to the petition was not identified, nor did it appear from the petition that the bond was accepted and approved by the clerk of the trial court, nor was there a certificate from that clerk that the bond was filed with and .accepted and approved by him. *Held,* no error in dismissing the certiorari on motion.

HARWELL, J., dissenting. While the copy of bond (in proper form, payable to the municipality, and approved by the clerk of the trial court) was not marked Exhibit C, as stated in the petition for certiorari, it 'was therein referred to as being attached, and was formally made a part of the petition. The copy having thus been identified, the petition affirmatively showed that the petitioner had filed a bond as required by the statute.

DECIDED MAY 1, 1918.

Certiorari; from Fulton superior court—Judge Bell. October 10, 1917.

*Ralph McClelland,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

BLOODWORTH, J. A petition for certiorari to review a judgment of the recorder's court of the City of Atlanta, finding the defendant guilty of violating a municipal ordinance, was dismissed on motion of the attorney for the city; and the dismissal is complained of. No pauper affidavit was filed with the petition for certiorari, and no copy of the bond required by law is incorporated in the petition, nor is a certified copy thereof attached to it. The alleged copy of the bond which is attached to the petition is not identified in any way, nor does it appear from the petition that the bond was accepted and approved by the clerk, nor is there any certificate from the clerk "that the bond was filed with him, and was approved and accepted by him." Judge Broyles, in the case of *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970), said: "The mere fact that 'a bond' was specified in the bill of exceptions as a material part of the record to be sent up to this court, and that there is attached to the bill of exceptions what purports to be a copy of a certiorari bond in the case referred to, and that it appears from this copy that this bond was approved by the clerk of the recorder's court of Macon, is not sufficient. *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941), and *Veazey* v. *Crawfordville,* 126 *Ga.* 89 (54 S. E. 817). All the essential facts as to the giving of the bond, its approval by the proper officer, etc., its condition, etc., should be affirmatively alleged in the petition for certiorari, and, in addition, a certified copy of the bond should be attached to the petition, together with a certificate from the clerk of the court (if there be a clerk), verifying the allegations in the petition that the bond has been approved and accepted by said clerk. *Hubert* v. *Thomasville,* 18 *Ga. App.* 756 (90 S. E. 720). Unless all of these things are done, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing, as a petition for certiorari can in no case be amended. This ruling is not in conflict with *Stallworth* v. *Macon,* 125 *Ga.* 250 (54 S. E. 142), for in that case the petition for certiorari distinctly alleged that 'petitioner has filed with the clerk of said recorder's court a bond, approved by the said clerk, . . . and said bond accepted by said clerk of said recorder's court.' As the mandatory provisions of the statute were not complied with in this case, the certiorari should not have been sanctioned. The judge of the superior court, however, having sanctioned it, committed no error in overruling and

dismissing it after a hearing upon its merits. It does not appear in the judgment of dismissal for what reason the certiorari was overruled, but, as the judgment of dismissal was correct, it should nevertheless be affirmed. *Memmler* v. *State,* 75 *Ga.* 576 (1a); *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (3), 277, 278 (85 S. E. 264); *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372)."

Under the ruling stated above, the court did not err in dismissing the certiorari in this case.

*Judgment affirmed. Broyles, P. J., concurs. Harwell, J., dissents.*

HARWELL, J., dissenting. The petition for certiorari recites: "Petitioner having complied with all of the requirements of the law in such cases made and provided, having filed this affidavit and notice and bond, as required in such cases, with the clerk of the recorder's court of the City of Atlanta, copies of which are hereto attached and market Exhibit "B" and "C" respectively, and which are hereby made a part and parcel of this petition and paragraph as fully and as completely as if incorporated herein," etc. Attached to the petition is a bond in proper form, signed by Parks, the defendant as principal, and Clark as security, payable to the City of Atlanta, approved by the clerk of the recorder's court of Atlanta, and showing a filing in office by the deputy clerk. While this bond attached is not market Exhibit "C" as stated in the petition, it is referred to as being attached, and is formally made a part of the petition. Being thus identified, it becomes in effect a part of the petition. The petition, therefore, does affirmatively show that the defendant has filed a bond approved and conditioned as required by the statute. Park's Ann. Code, § 5191 (a). The writer does not understand that under the decisions of this court, or of the Supreme Court, it is necessary to attach a certified copy of the bond to the petition. That is one way in which the defendant may show affirmatively that he has filed the approved bond as required by the statute, but not the only way. See *Hubert* v. *Thomasville,* 18 *Ga. App.* 756 (90 S. E. 720), and cases there cited. In that case it is said: "The best way to show that a proper bond has been given is to attach to the petition a certified copy of the bond, with a certificate of approval by the proper officer, and allege affirmatively that the bond was given and approved as required by law. However, where this is not done, the petition

must set forth all the essential substantive facts which are necessary to enable the judge of the superior court to intelligently decide whether or not the bond given is really such a bond as is demanded by the statute. In other words, where no certified copy of the bond is attached to the petition, the bond must, in substance at least, be set forth in the petition."

For these reasons it seems to the writer that the petitioner complied with the law in the instant case, and that the judge of the superior court erred in dismissing the certiorari.