## 11060. BROYLES v. THE STATE.

BLOODWORTH, J. 1. The charge of the court in this case was full and fair, and when the excerpts complained of are read in connection with the remainder of the charge and in. the light of all the facts of the case, they contain no error that would require the grant of a new trial.

2. As far as pertinent and legal, each request to charge was sufficiently covered by the charge given.

3. The evidence authorized the verdict; the judge approved it, and the judgment is

*Affirmed. Broyles, C. J., concurs.*

DECIDED MARCH 3, 1920.

Conviction of manslaughter; from Bibb superior court — Judge Mathews. September 30, 1919.

*J. F. Urquhart, W. A. McClellan,* for plaintiff in error.

*Charles H. Garrett, solicitor-general, John P. Ross,* contra.

LUKE, J., dissenting. I cannot concur with my colleagues in the holding that the charge in this case was *fair*. The court instructed the jury, among other things, that they would be authorized to find the defendant guilty of murder, unless they believed "upon her other defense she was justified in believing that it was necessary to kill her (deceased), if she did kill her, in order to prevent adulterous intercourse or the resumption of adulterous relation about to be resumed, and that it was necessary and that the danger of such adulterous conduct between her husband and the deceased was imminent at the time." It will be seen from this excerpt that the judge so qualified and limited his instruction as to make the justification of the accused for the alleged homicide depend upon whether or not "the danger of such adulterous conduct between her husband and the deceased was *imminent at the time.*" This, in my opinion, was reversible error. In fact this court so held in the case of *Miller v. State,* 9 *Ga. App.* 599 (90 S. E. 970), wherein it is said:

"While a father cannot lawfully kill one merely because he has had unlawful sexual intercourse with his daughter, still he may justify the homicide by showing that it was necessary in order to prevent further acts of fornication. In a prosecution for homicide, where there is evidence such as to authorize the jury to find that the deceased had been maintaining illicit sexual relations with the defendant's minor unmarried daughter, and had threatened to kill the father if he interfered, and that even after the father had be-

2

come apprised of what had taken place, and was taking guard to prevent the further debauching of his child, the defendant, in company with the daughter, came upon the deceased under such circumstances as to indicate that he was endeavoring to continue the illicit relationship, and would likely seek to do so notwithstanding the father's protest, an instruction of the court to the jury in the following language was erroneous: 'The killing, if necessary, or apparently so to a reasonable mind, in order to protect the daughter at the time of the killing, would be justifiable. The killing must be necessary, or apparently so, to prevent the deceased from accomplishing his purpose then and there.' The qualification contained in the words ' then and there ' rendered the instruction erroneous."