11897. NIGHTINGALE *v.* MAYOR AND COUNCIL OF BRUNSWICK.

BROYLES, C. J. 1. Where one convicted in a police court of violating a city ordinance presents a petition for certiorari, and the bond attached to the petition does not provide for his personal appearance to abide the final judgment, order, or sentence upon him in the case, and no affidavit in forma pauperis has been made, sanction of the petition should be denied. *Ruffin* v. *Millen,* 18 *Ga. App.* 784 (90 S. E. 654) ; *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S E. 970).

(a) A bond conditioned that the defendant should "well and truly be and appear before the police court to abide and perform the said judgment in the event certiorari shall not be granted, and in the event said judgment be reversed by said superior court or any appellate court and a new trial be granted, then to appear before the said police court to stand trial again for said offense and do and perform the judgment of the court, then this bond to be void, otherwise of full force, virtue, and effect," is not a proper bond, since it does not provide for the personal appearance of the defendant to abide the judgment, order, or sentence in the case, in the event that the certiorari should be granted and subsequently dismissed or overruled, or in the event that the judge of the superior court should render a final judgment in the case without sending it

back to the police. court for another trial. See, in this connection, *McDonald* v. *Ludowici,* 3 *Ga. App.* 654 (60 S. E. 337).

2. The judgment complained of being correct, the ground upon which the judge of the superior court based it is immaterial. *Ruffin* v. *Millen,* supra, and cases cited.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
>
> DECIDED DECEMBER 15, 1920.

Certiorari; from Glynn superior court — Judge Highsmith. October 1, 1920.

*Frank H. Harris,* for plaintiff in error.

*J. T. Colson,* contra.