### 12286. FREEMAN *v.* CITY OF LaGRANGE.

1. Where a petition for certiorari to review a judgment of conviction in a municipal police court does not exhibit a copy of the bond required by the Civil Code, § 5191 (a), and does not state that the bond given was "conditioned for the personal appearance of the defendant to abide the final order, judgment or sentence of said court or of the superior court in said case," but recites merely that the petitioner "has given certiorari bond that has been properly approved," the latter recital will be held a conclusion inadequate to meet the mandatory requirement of the statute.

2. A correct judgment overruling a certiorari should be affirmed, although the reason for this ruling does not appear.

DECIDED MAY 11, 1921.

Certiorari; from Troup superior court — Judge Roop. February 5, 1921.

*L. B. Wyatt,* for plaintiff in error. *Hatton Lovejoy,* contra.

BLOODWORTH, J. Section 5191 (a) of the Civil Code of 1910 prescribes certain conditions precedent to the grant of a writ of certiorari. In *Gillespie* v. *Mayor &c. Macon,* 19 *Ga. App.* 1, this court held: "A petition for certiorari to review the judgment of a police or recorder's court, unless a pauper's affidavit is made, must affirmatively allege (among other things) that the petitioner

has filed with the clerk of that court, if it has a clerk, a bona payable, etc., and conditioned, etc., which has been approved and accepted by said clerk; and there should be attached to the petition a certified copy of the bond, together with a certificate from the clerk of the court that the bond was filed with him and was approved and accepted by him. Unless all these things appear, to wit, the aforesaid allegations in the petition, the certificate of the clerk of the court verifying them, and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing." In *Hubert* v. *City of Thomasville,* 18 *Ga. App.* 756 (1), it was held: " The filing of a bond conditioned for the personal appearance of the defendant to abide the final order, judgment or sentence upon him in the case, or the filing of a proper affidavit in forma pauperis, in lieu of such a bond, is a *condition precedent* to obtaining a writ of certiorari in a case where one seeks to review the judgment of a municipal police court." See cases cited. See also *Tolliver* v. *Mayor &c. of Wrightsville,* 17 *Ga. App.* 345, and cases cited. In this case no copy of the bond is set forth in the petition or attached thereto as an exhibit, nor does the petition state that the bond given was " conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court or of the superior court in said case," but simply recites that petitioner " has given certiorari bond that has been properly approved." The statement just quoted is but a conclusion (*Hubert* v. *City of Thomasville,* 18 *Ga. App.* 756 (1 a) ), and can not take the place of the mandatory requirements of the statute. The conditions precedent not having been complied with, under the above rulings, the judge of the superior court properly denied the petition and refused a new trial. It does not appear in the judgment denying the petition for what reason the certiorari was overruled, but as the judgment was correct, it should be affirmed. *Memmler* v. *State,* 75 *Ga.* 576 (1a) ; *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (3), 277, 278 (85 S. E. 264) ; *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372). *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*