### 17449.   LEWIS *et al. v.* STANDARD COMPANY INCORPORATED.

This court will not determine as to the sufficiency of pleas the contents of which do not appear in the record, either literally or in substance. A correct judgment overruling a certiorari will not be reversed because of error in the reason given for the judgment.

DECIDED OCTOBER 5, 1926.

Certiorari; from Fulton superior court—Judge Humphries. April 7, 1926.

*G. H. Cornwell,* for plaintiffs in error. *Horace Russell,* contra.

LUKE, J.   The Standard Company recovered a judgment against the plaintiffs in error in the municipal court of the City of Atlanta. Upon the trial the pleas to the jurisdiction of the court were dismissed upon the ground that the sheriff's return of service

---

Certiorari, 11 C. J. p. 201, n. 33 New; p. 221, n. 14 New.

had not been traversed by the defendants. The defendants obtained a writ of certiorari, and upon the hearing thereof the certiorari was overruled. The only question in the case is whether the trial magistrate erred in dismissing the pleas to the jurisdiction, and this question can not be determined by this court, since the petition for certiorari does not contain such pleas, either literally or in substance, nor are they attached thereto as exhibits. The pleas may have been defective in themselves. See, in this connection, *Barnard* v. *Glisson, 25 Ga. App. 357* (103 S. E. 189).

(*a*)   It is immaterial that the judge of the superior court may have given an erroneous reason for the overruling of the certiorari. If his judgment was correct for any other reason it should not be reversed. *Memmler* v. *State, 75 Ga. 576 (1-a), 578, 579.*
*Judgment affirmed.· Broyles, C. J., and Bloodworth, J., concur.*