## 18406.   O'NEAL *v.* CITY OF ATLANTA.

Where certiorari to review a conviction of a violation of a municipal ordinance is issued upon a petition not accompanied by the statutory bond for the appearance of the defendant to abide the final order, judgment, or sentence, the writ is void and the petition can not be amended by attaching the proper bond.

DECIDED NOVEMBER 15, 1927.   REHEARING DENIED DECEMBER 13, 1927.

Certiorari; from Fulton superior court—Judge Humphries. June 12, 27, 1927.

A motion "to dismiss the certiorari and petition on the ground that the petitioner had not given the bond required by law in such cases" was sustained by the judge of the superior court, and the petitioner filed a motion to set aside the judgment of dismissal and to reinstate the case, in which motion it was stated

Certiorari, 11 C. J. p. 159, n. 95; p. 161, n. 39.

that the petitioner, prior to the sanction of his petition for certiorari and on the date of his conviction filed with the clerk of the recorder's court of the City of Atlanta, in which the case was tried, a bond payable to the City of Atlanta in the amount of $200, conditioned that he should "personally appear and abide the final order, judgment, or sentence upon him in said case;" that the bond was approved by the said clerk, and that he filed also with the clerk a notice of his intention to apply for the writ of certiorari, and the justification affidavit of his security on the said bond. A copy of the bond referred to was attached to this motion. The petition for certiorari alleged that the petitioner had "complied with the law in such cases." Attached to it was a bond for "the eventual condemnation money and all future costs in said case;" and this was followed by the recorder's certificate that the petitioner had "given bond and security as required by law." The writ of certiorari recited that the petitioner had "complied with the requirements of law in cases of application for certiorari." The recorder's answer admitted the truth of the petition, with certain exceptions not material here. Counsel for the plaintiff in error cited: 125 *Ga.* 252; 119 *Ga.* 628; 118 *Ga.* 52; 20 *Ga.* 77; 2 *Ga. App.* 322; 6 *Ga. App.* 288.

*W. H. Terrell,* for plaintiff in error.

*J. L. Mayson, C. S. Winn,* contra.

LUKE, J. 1. After conviction of an offense in the recorder's court of Atlanta, the defendant brought a petition to the superior court for a writ of certiorari. He attached to the petition a bond "for the eventual condemnation money and all future costs in said case." This does not comply with the statute which requires a bond "conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence" of the court; and the judge of the superior court did not err in dismissing the certiorari. *Roberts* v. *Colquitt,* 17 *Ga. App.* 557 (87 S. E. 816); *Hubert* v. *Thomasville,* 18 *Ga. App.* 756 (90 S. E. 720); *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970); *Sassene* v. *Atlanta,* 36 *Ga. App.* 208 (136 S. E. 109).

2. The court properly refused to entertain the motion of plaintiff in error to reinstate the certiorari (which motion had attached to it an appearance bond), because the motion amounted to an effort to amend the certiorari proceedings or bond, and "the

certiorari bond can not be amended, because a good and sufficient bond is made a condition precedent to the issuing of the writ, and if the bond is defective the writ is void, and the court without jurisdiction of the case." *Jones* v. *Gill,* 121 *Ga.* 93, 96 (48 S. E. 688). The appearance bond was not a part of the certiorari proceeding, as shown by the record, at the time the judge of the superior court dismissed the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*