## 18587. MOON *v.* CITY OF ATLANTA.

"A petition for certiorari to review the judgment of a police or recorder's court, unless a pauper's affidavit is made, must affirmatively allege (among other things) that the petitioner has filed with the clerk of that court, if it has a clerk, a bond payable, etc., and conditioned, etc., which has been approved and accepted by said clerk; and there should be attached to the petition a certified copy of the bond, together with a certificate from the clerk of the court that the bond was filed with him and was approved and accepted by him. Unless all these things appear, to wit, the aforesaid allegations in the petition, the certificate of the clerk of the court verifying them, and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, should be dismissed on the hearing."

DECIDED JANUARY 7, 1928.

Certiorari; from Fulton superior court—Judge Howard. October 19, 1927.

Application for certiorari was made to the Supreme Court.

*T. F. Bowden, Hewlett & Dennis.* for plaintiff in error.

*J. L. Mayson, C. S. Winn,* contra.

Criminal Law, 17 C. J. p. 98, n. 93 New.

LUKE, J.  Having been convicted of disorderly conduct, in the recorder's court of the City of Atlanta, H. M. Moon carried his case, by certiorari, to the superior court.  The petition was sanctioned, and when the case came on for a hearing, the certiorari was dismissed because the copy of the certiorari bond attached to the petition was not certified.

It is insisted that it was not necessary to attach a certificate to the copy of the certiorari bond, because the recorder admitted the correctness of paragraph 3 of the petition, which is .as follows: "Said judgment and sentence of the court being adverse to your petitioner, and he being dissatisfied with the same, and now within thirty days from the final determination of .said case, petitioner having heretofore complied with all the requirements of the law in such cases made and provided, having filed his affidavit, and a notice and bond as required in such cases with the clerk of the Recorder's Court of the City of Atlanta, copies of which are hereto attached and marked 'Exhibit B' and 'C,' respectively, both of which are hereby made a part of this petition, and to which reference is prayed as often as is necessary." .

Attached to the petition as an exhibit is a copy bond, and at the bottom of the bond the following appears:  "Approved and accepted.  F. H. Womack, Clerk Recorder's Court, City of Atlanta."  There was no certificate to the copy bond.

The act of 1902 (Ga. L. 1902, p. 105; Park's Code, § 5191(a)), provides that a party who seeks a writ of certiorari to review and correct the judgment of any recorder's court "shall first file with the clerk of said court, or if no clerk, with the judge of said court, except when the defendant is unable from poverty to give bond and a proper pauper affidavit is furnished, a bond payable to the municipal corporation under which such court exists, in amount and with surety acceptable to and approved by the said clerk or judge, as the case may be, conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court, in said case."  The following is quoted from *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970) :  "Unless all these things appear, to wit, the aforesaid allegations in the petition, the certificate of the clerk of the court verifying them, and a certified copy of the bond given, the certiorari should not be sanctioned, and, if sanctioned, should be dis-

missed on the hearing." See also *Hubert* v. *Thomasville, 18 Ga. App.* 756 (90 S. E. 720); *Hargett* v. *Columbus, 36 Ga. App.* 628 (137 S. E. 911).

We think that the law laid down in the *Gillespie* case, supra, is sound, and that, applying that law to the facts of this case, the judge did not err in dismissing the certiorari.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*