28156, 28157. GILBERT *et al.,* tax-assessors, *v.* LAND ESTATES INC.; and vice versa.

DECIDED APRIL 18, 1940. REHEARING DENIED JULY 16, 1940.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. Northcutt, Standish Thompson,* for plaintiffs.

*Carter, Stewart & Johnson,* for defendant.

STEPHENS, P. J. The board of tax-assessors of Fulton County, Georgia, assessed for taxation against Land Estates Inc., a nonresident corporation, certain property of the corporation, on the theory that the taxable situs thereof was in Fulton County, Georgia. The corporation objected thereto, and the matter was submitted to arbitrators under and pursuant to the Code, § 92-6912. A majority

of the arbitrators found in favor of the corporation, and the board of tax-assessors of Fulton County thereupon petitioned to the superior court of Fulton County for a writ of certiorari, assigning error upon the decision of the arbitrators on various grounds. The corporation moved to dismiss the petition for certiorari, on the grounds that the court was without jurisdiction to review by certiorari the findings of the arbitrators appointed under the above Code section, that these arbitrators did not constitute an inferior judicatory to which a certiorari would lie, nor were they "a party or persons exercising judicial powers," and that the "findings" of the arbitrators were by the statute (Code, § 92-6912) made "final," and were not subject to review by certiorari or otherwise. The court overruled the motion to dismiss the petition for certiorari. Thereafter, on the same day, the court "overruled" the petition for certiorari of the board of tax-assessors and rendered a judgment as follows: "The within certiorari is hereby overruled, and the finding of the arbitrators is made the judgment of the court." To this judgment the board of tax-assessors excepted, assigning error thereon in a direct bill of exceptions to this court. In a bill of exceptions to this court, denominated a cross-bill of exceptions, Land Estates Inc. excepted to, and assigned error upon, the order and judgment of the court overruling the motion of Land Estates Inc. to dismiss the petition for certiorari.

Under the rulings of the Supreme Court in *Allied Mortgage Companies Inc.* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45), in answer to a question certified to the Supreme Court by this court, it was ruled as follows: "It was not the intention of the legislature in enacting the tax-equalization act . . to vest in boards of arbitrators provided by section 6 of said act [Code, § 92-6912] the power lodged by existing statutes in the superior courts to adjudicate questions of taxability of property assessed for taxation. Such a board of arbitrators is without legal authority to entertain or determine questions of taxability and any decision rendered by it of such questions is void. . . The office of the writ of certiorari is to review an erroneous verdict or judgment, not to set aside one absolutely void." Therefore the decision of the arbitrators excepted to in the petition for certiorari here complained of, which was as to the taxability of the property assessed for taxation and not as to its value, was, under the answer of the Supreme Court in the *Allied*

*Mortgage Companies Inc.* case, void and not reviewable by certiorari. The superior court therefore had no jurisdiction to review by certiorari the acts and doings of the tax arbitrators, and it was not error for that court to "overrule" the petition for certiorari brought by the board of tax-assessors in which the board excepted to the acts and doings of the tax-arbitrators.

While it appears from the record in the so-called cross-bill of exceptions that the court overruled a motion of the defendant in certiorari to dismiss the petition for certiorari, made upon the ground that the acts and doings of the arbitrators were not reviewable by certiorari, and that the arbitrators did not constitute an inferior judicatory whose decisions were reviewable on certiorari by the superior court, it does appear from the record in the case on the main bill of exceptions that the superior court afterwards "overruled" the petition for certiorari, which in effect amounted to a dismissal. There is no substantial difference between a judgment overruling a petition for certiorari and one dismissing such petition. In *Whitfield County* v. *Hogan,* 17 *Ga. App.* 685 (87 S. E. 1087), it was said: "The court, upon the hearing, overruled the certiorari instead of dismissing it, but the legal effect of the judgment rendered was precisely the same as if the court had sustained a motion to dismiss." Upon the "overruling" of the petition for certiorari of the board of tax-assessors, the defendant in certiorari, Land Estates Inc., obtained a judgment in its favor, which had the legal effect of leaving intact and undisturbed the decision or finding of the tax arbitrators which was in favor of Land Estates Inc. It was therefore not necessary, in order to enforce any right which it may have had, for the defendant in certiorari, Land Estates Inc., to except by so-called cross-bill of exceptions. It is incumbent upon it only to sustain the judgment in its favor afterwards rendered, which was the judgment "overruling" the petition for certiorari. An appellate court is justified in searching the record for the purpose of ascertaining if the judgment as rendered is, under the record, as a matter of law, correct. "A reviewing court may look into the record, and if the judgment below appears to be right for any reason it is the duty of the reviewing court to affirm it." 3 Am. Jur. 674, § 1163, citing Frey *v.* Cudahy Packing Co., 256 U. S. 205 (41 Sup. Ct. 451, 65 L. ed. 892), and Collier *v.* Stanbrough, 6 How. (U. S.) 14 (12 L. ed. 324).

Where the judgment rendered is the correct result, it will be affirmed irrespectively of the ground on which it is based. *Doe* v. *Roe*, 20 *Ga.* 689 (3) (65 Am. D. 639); *McPherson* v. *Stroup*, 100 *Ga.* 228 (28 S. E. 157); *Gillespie* v. *Macon*, 19 *Ga. App.* 1, 2 (90 S. E. 970), and cit.; *Nightingdle* v. *Brunswick*, 26 *Ga. App.* 43 (105 S. E. 382); *Lewis* v. *Standard Co.*, 36 *Ga. App.* 16 (135 S. E. 101); *Adams* v. *Morris*, 40 *Ga. App.* 598 (151 S. E. 48). In *Anderson* v. *West Lumber Co.*, 51 *Ga. App.* 333 (179 S. E. 738, 180 S. E. 361), this court held that "The action of the superior court in overruling the certiorari was tantamount to a dismissal. Code 1933, § 19-501." The court further held: "Even if the judgment of the superior court should be treated as based upon the merits of the petition for certiorari, rather than on the absence of jurisdiction to entertain the petition, the judgment must be affirmed, for the reason that the superior court, . . was without jurisdiction to consider the certiorari." In *Little* v. *McCalla*, 20 *Ga. App.* 324 (93 S. E. 37), it was ruled: "The judgment overruling the certiorari was in effect a dismissal of the petition, and was to this extent right, since there could not have been any other legal disposition of the case; but it was wrong in so far as it attempted to confirm and give legal effect to the void judgment of the ordinary of Fulton County. The judgment will therefore be affirmed, with direction that the writ be dismissed." In that case it was held that the judgment excepted to in the petition for certiorari was void, for the reason that "The writ of certiorari will not lie to review a void judgment by a court legally constituted, or any pretended judgment by an individual or body of individuals assuming to exercise judicial powers without any lawful authority so to do."

In *Whitfield County* v. *Hogan*, 17 *Ga. App.* 685 (87 S. E. 1087), it was held: "The court, upon the hearing, overruled the certiorari instead of dismissing it, but the legal effect of the judgment rendered was precisely the same as if the court had sustained a motion to dismiss; and therefore it does not appear how the ruling complained of (even if error) worked injury to the plaintiff in error. Error will not lie to entitle a plaintiff in error to the reversal of an adverse judgment unless he shows also that he was injured by it." In that case the judgment of this court was as follows: "Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed." In the cross-bill the exception was to the refusal of the

judge to sustain the motion of the defendant in certiorari to "*dismiss*" the petition. In the main bill the exception was by the plaintiff in certiorari to the judgment "*overruling*" the petition for certiorari. In *Davis* v. *Bennett,* 159 *Ga.* 332 (125 S. E. 714), it was held: "In technical procedural propriety the motion to set aside the judgment in question should have been dismissed; but since practically the same result was reached by the judgment overruling the motion upon its merits, this judgment may properly be affirmed, as a means of finally disposing of the matter." "Where the order of the judge of the superior court, dismissing a petition for certiorari, is proper and legally justified for a reason other than that assigned by him, his action will be affirmed." *Hudson* v. *Higgins,* 45 *Ga. App.* 358 (2) (164 S. E. 688). In *Parks* v. *Ellijay,* 47 *Ga. App.* 7 (169 S. E. 263), this court held: "Where a certiorari is subject to dismissal for any reason, a judgment of dismissal will not be reversed, though the court based it upon an erroneous reason." It appears from the record in this case, which was brought to this court on the main bill of exceptions by the board of tax-assessors, that the superior court was correct in not giving to the plaintiff in certiorari, the board of tax-assessors, the relief sought, viz., the sustaining of the certiorari. It was therefore not error for the court to "overrule" the certiorari. The proper judgment should have been one "dismissing" the petition for certiorari (Code § 19-501). The judgment of the superior court overruling the certiorari is affirmed, with direction that the judge of the superior court enter an order of dismissal on the petition for certiorari, instead of the one overruling the petition for certiorari.

*Judgment affirmed on the main bill of exceptions, with direction. Cross-bill of exceptions dismissed. Sutton and Felton, JJ., concur.*