### HUTCHINGS *v.* ROQUEMORE.

RUSSELL, C. J. The Supreme Court will not undertake to review the constitutionality of an act of the General Assembly, raised for the first time in the bill of exceptions. In the instant case the judgment of the municipal court of Macon was sought to be reviewed by petition for certiorari presented to the judge of the superior court, which the latter declined to sanction. In the petition for certiorari the constitutionality of the act of 1925 (Acts 1925, p. 463) regulating the practice as to ap-

Appeal and Error, 3 C. J. p. 710, n. 73.
Certiorari, 11 C. J. p. 149, n. 12; p. 218, n. 81; p. 219, n. 84.
Courts, 15 C. J. p. 1039, n. 52.
Evidence, 22 C. J. p. 148, n. 67.

peals in that court was not questioned or attacked. Consequently the unconstitutionality of said act now sought to be assailed in this court was not before the judge of the superior court for consideration or adjudication.    *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

1. Plaintiff in error, in his motion for a rehearing, insists that this court should decide the constitutional question which he sought to raise, as above indicated. It is argued that the question did not appear until the trial judge had rendered his decision, basing it upon the act of 1925 (Ga. Laws 1925, p. 463); and that only then could the constitutional question be raised. The reply to this argument is that complainant is conclusively presumed to have known of the existence of the act of 1925, and that unless it was declared void it prevented the grant of the certiorari sought. The duty, therefore, rested upon him in his petition for certiorari to state that fact, and to insist that it was void because in conflict with the constitution, specifying the clause of the constitution, etc.

2. Another ground of the motion for rehearing insists that this court, after ruling that no constitutional question was properly raised for determination, should not have affirmed the judgment, but should have transferred the case to the Court of Appeals, as was done in the case of *Loftin* v. *Southern Security Co.*, 162 *Ga.* 730 (134 S. E. 760). This ground of the motion is sustained. The judgment of affirmance is set aside, and it is ordered that the case be transferred to the Court of Appeals, this court being without jurisdiction, and the Court of Appeals having jurisdiction to decide the case.

No. 5267. JUNE 20, 1927. ON REHEARING, SEPTEMBER 13, 1927.

Petition for certiorari. Before Judge Malcolm D. Jones. Bibb superior court. December 8, 1925.

*E. F. Goodrum,* for plaintiff in error.

*J. D. Hughes* and *D. W. McCoy,* contra.