### 22247. HUDSON v. HIGGINS.

BROYLES, C. J. 1. "All writs of certiorari shall be applied for within thirty days after the final determination of the case in which the error is alleged to have been committed, and not after." Civil Code (1910), § 5188. "It is proper to dismiss a certiorari where it does not affirmatively appear from the record that the writ was applied for within thirty days after the final determination of the case." *Landrum* v. *Moss,* 1 *Ga. App.* 216 (1) (57 S. E. 965); *Sirmans* v. *Zucker Importing Co.,* 9 *Ga. App.* 789 (2) (72 S. E. 190).

2. "Where the order of the judge of the superior court, dismissing a petition for certiorari, is proper and legally justified for a reason other than that assigned by him, his action will be affirmed." *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (3) (85 S. E. 264); *Memmler* v. *State,* 75 *Ga.* 576 (1 *a*).

3. The petition for certiorari in the instant case (which was verified by the answer of the magistrate) shows that the case was finally disposed of in the justice's court on the 20th day of June, 1930, and that the writ of certiorari was applied for on the 21st day of July, 1930, thirty-one days after the final determination of the cause. Under the foregoing rulings the judge of the superior court did not err in dismissing the certiorari, and it is immaterial that he assigned another reason for the dismissal.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JUNE 15, 1932.

*L. E. Bracewell,* for plaintiff in error.   *C. E. Baggett,* contra.