### 23880. ANDERSON *v.* WEST LUMBER COMPANY.

JENKINS, P. J. In the municipal court of Atlanta the maker and the indorser on promissory notes were sued, and on February 13, 1933, the plaintiff obtained a judgment for $491. On March 3, 1933, the indorser's motion for a new trial was denied. On March 13, 1933 (subsequent to the act approved March 10, 1933, Ga. L. 1933, pp. 290, 298, abolishing the right of certiorari from the municipal court to the superior court), the defendant appealed to the appellate division of the municipal court, which on June 3, 1933, affirmed the judgment. On June 28, 1933, the superior court of Fulton county sanctioned the defendant's petition for certiorari, and on November 28, 1933, entered a judgment overruling the certiorari and denying a new trial. From this judgment writ of error was brought to the Supreme Court, which transferred the case to this court. *Held:* This case is controlled by the ruling of this court in *Cable Piano Co.* v. *Williamson,* 49 *Ga. App.* 529 (176 S. E. 103), where it was held that section 42-A of the act of March 10, 1933, explicitly abolished the right of certiorari from the municipal court of Atlanta. The action of the superior court in overruling the

certiorari was tantamount to a dismissal. Code 1933, § 19-501. "Where the order of the judge of the superior court, dismissing a petition for certiorari, is proper and legally justified for a reason other than that assigned by him, his action will be affirmed." *Hudson* v. *Higgins*, 45 *Ga. App.* 358 (2) (164 S. E. 688). Even if the judgment of the superior court should be treated as based upon the merits of the petition for certiorari, rather than on absence of jurisdiction to entertain the petition, the judgment must be affirmed, for the reason that the superior court, under the terms of the statute cited, was without jurisdiction to consider the certiorari. This provision of the law, depriving the superior court of jurisdiction on certiorari from the municipal court, must be given effect as written, without any consideration of the question as to its constitutionality, since in this case, as in *Hutchings* v. *Roquemore*, 164 *Ga.* 637 (139 S. E. 216), and in the *Cable* case, supra, the constitutionality of the provision was in no wise questioned or passed upon in or by the superior court. In *Fuller* v. *Yetter*, 40 *Ga. App.* 58 (148 S. E. 751), it appears that, notwithstanding the validity of a statute similar to this had not been questioned in the petition for certiorari, the superior court treated that act as void in view of a previous adjudication by the Supreme Court of the unconstitutionality of that particular statute. See *Empire Investment Co.* v. *Hutchings*, 166 *Ga.* 749 (144 S. E. 209). Consequently, the *Fuller* case is not contrary to the ruling made in *Hutchings* v. *Roquemore*, supra.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 3, 1935. REHEARING DENIED JUNE 28, 1935.

*Charles W. Anderson, Frank D. Pierson,* for plaintiff in error.
*Jones, Fuller, Russell & Clapp, J. D. McLamb,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J. Since this case was decided the Supreme Court in *Aspironal Laboratories Inc.* v. *Mallinckrodt Chemical Works,* 180 *Ga.* 544 (179 S. E. 709), adjudicated that the provisions of section 42-A of the act of 1933 (Ga. L. 1933, p. 295), abolishing the writ of certiorari for review of cases from the municipal court of Atlanta by the superior court, was unconstitutional and therefore void. We have given renewed consideration to this case, in order to determine whether our original decision should stand. It appears, however, that inasmuch as no constitutional question was raised, passed upon, or considered by the superior court, the rule adopted and uniformly followed by the appellate courts, as recently adjudicated in *Hutchings* v. *Roquemore*, 164 *Ga.* 637, cited in our original syllabus opinion (supra), should be followed. In that case the Supreme Court held: "The Supreme Court will not un-

dertake to review the constitutionality of an act of the General Assembly, raised for the first time in the bill of exceptions. In the instant case the judgment of the municipal court of Macon was sought to be reviewed by petition for certiorari presented to the judge of the superior court, which the latter declined to sanction. In the petition for certiorari the constitutionality of the act of 1925 (Acts 1925, p. 463) regulating the practice as to appeals in that court was not questioned or attacked. Consequently the unconstitutionality of said act now sought to be assailed in this court was not before the judge of the superior court for consideration or adjudication. . . Complainant is conclusively presumed to have known of the existence of the act of 1925, and . . unless it was declared void, it prevented the grant of the certiorari sought. The duty, therefore, rested upon him in his petition for certiorari to state that fact, and to insist that it was void because in conflict with the constitution, specifying the clause in the constitution, etc." In *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103), the Supreme Court held that, even though the constitutionality of a law is actually passed upon by the trial court, the reviewing court will not consider such a question unless it appears from the record what particular provision of the constitution the court below passed upon. This court is for the correction of errors made in the court from which exceptions are taken, and if the decision of the judge of the superior court was right when the case was presented to him, a reversal of his ruling would not follow by virtue of a subsequent decision rendered by the Supreme Court in another case which goes to show that, had the constitutional question been made in the case in the superior court, a different decision as to its jurisdiction would have been necessitated. The language of the statute is plain and unequivocal. If its constitutionality had been attacked, the Supreme Court, and not this court, would be the proper tribunal for a review of such question. No question as to constitutionality having been raised in the court below, the judgment of the trial judge will be affirmed on the theory that he gave effect to the statute as written. In view of the later holding in the *Aspironal Laboratories* case, the rule would seem to be different as to any case thereafter presented in the superior court by certiorari from the municipal court, since the effect of that decision has been to eliminate the language of section 42-A from the statute. It had not, however,

336

been eliminated when this case was passed upon by the judge of the superior court, whose judgment we are called upon to review; and, this being true, in the language of *Hutchings* v. *Roquemore*, supra, "the duty therefore rested upon [movant] in his petition for certiorari to . . insist that it [section 42-A of the act] was void because in conflict with the constitution." This court is powerless to say that a decision of the superior court, though correct when rendered, has become erroneous pending adjudication here.

*Motion for rehearing denied. Stephens and Sutton, JJ., concur.*