24854. COHN v. ROGERS.

DECIDED FEBRUARY 1, 1936.

W. R. Flournoy, for plaintiff in error.

Davis & Thompson, J. R. Thompson Jr., contra.

JENKINS, P. J. On September 28, 1934, a money judgment was rendered in favor of the plaintiff in the municipal court of Columbus. On November 30, 1934, the court overruled a motion for new trial on general and special grounds. On December 14, 1934, the defendant applied to the superior court for certiorari, and obtained sanction of his petition. That court dismissed the writ on the grounds that it was applied for more than 30 days after the original judgment had been rendered, and that the petition for certiorari failed to assign error on the refusal to grant a new trial. The only contention made by the defendant that the *petition for certiorari assigned error on the failure to grant a new trial* is based upon the following language in the petition: "Your petitioner specifically assigns error as follows: 1. Verdict of the jury and judgment of the court as set out in paragraph 12 of this petition [the original verdict and money judgment in favor of the plaintiff], because the same are: (a) Contrary to law. (b) Without evidence to support same. (c) Contrary to the principles of justice and equity. (d) The result of failure of said trial judge to grant petitioner's motion for mistrial, as set forth in paragraph 1 of said amendment to motion for new trial, in which it is set forth," etc.; and "(e) the result of failure of said trial judge to grant petitioner's motion for new trial, as set forth in paragraph 2 of said motion for new trial, because said verdict and judgment are excessive and without evidence to support them." Paragraph 2 of the motion for new trial stated: "Movant insists that he is entitled to a new trial, because the verdict rendered in said case is excessive and without evidence to support it." Following subsection (e) of the petition for certiorari are various other excep-

tions to alleged errors occurring in the trial, as to which error is assigned only on the original verdict and judgment. There was evidence for the plaintiff, from which the jury were authorized to find the verdict for $325 rendered in her favor, both as to the amount and as to her ownership and a conversion by the defendant.

1. The certiorari, having been applied for more than 30 days after the original judgment, the petition therefor was too late for a review by the superior court of the errors which are complained of merely in the rendition of the original verdict and judgment.

2. If a judgment of the superior court dismissing or overruling a certiorari is correct for any reason, the judgment should be affirmed. *Hudson* v. *Higgins,* 45 *Ga. App.* 358 (2) (164 S. E. 688); *Anderson* v. *West Lumber Co.,* 51 *Ga. App.* 333 (179 S. E. 738); *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970); *Price* v. *Glennville,* 50 *Ga. App.* 159 (177 S. E. 254). Assuming that the assignment of error in subsection (e) of the petition for certiorari, taken in connection with paragraph 2 of the motion for new trial to which this subsection refers, was a sufficient assignment of error on the denial of the motion for new trial, so as to require the superior court to consider that assignment and its exception that the verdict was excessive and without evidence to support it, this ground was without merit, since there was testimony authorizing the verdict both as to the amount and the right of recovery. The judgment of dismissal being correct as to this ground, and there being no other proper assignment of error relating to the order refusing a new trial, the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*