### 32907. ZACHRY *v.* THE STATE.

MacINTYRE, P. J. Where upon his conviction, in the Criminal Court of Fulton County for cheating and swindling, the defendant filed his petition for certiorari in the superior court, which sanctioned it, and the writ issued and was made returnable to the September term of the superior court, and the solicitors of the superior and inferior courts acknowledged notice of sanction of the writ and notice of the time and place of the hearing, and in writing waived "all other and further notice and service," and upon the call of the case in the superior court that court entered the following order: "The above and foregoing case com-

ing on for trial in its order, and there being no response for the plaintiff same is hereby dismissed for want of prosecution. . . This 31st day of Oct. 1949," and where, on November 4, 1949, at the succeeding term, the court entered the following order: "It appearing that counsel for *plaintiff in certiorari* had no notice that the above styled case was to come on to trial, it is hereby ordered that the order of dismissal be set aside and the case be set for trial at the present term of the Fulton Superior Court, or as soon thereafter as the same may be reached in due course," and where, upon the hearing of the case, the court overruled the certiorari—this court will not disturb the judgment. "If a judgment of the superior court dismissing or overruling a certiorari is correct for any reason, the judgment should be affirmed." *Cohn* v. *Rogers,* 52 *Ga. App.* 533, 534 (183 S. E. 818); *Hudson* v. *Higgins,* 45 *Ga. App.* 358 (2) (164 S. E. 688); *Anderson* v. *West Lumber Co.,* 51 *Ga. App.* 333 (179 S. E. 738); *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970); *Price* v. *Glennville,* 50 *Ga. App.* 159 (177 S. E. 254). We know of no rule or statute requiring notice of the time and place of hearing of a petition on certiorari to be given to the *plaintiff in certiorari;* and where it appears that a certiorari is dismissed at one term of court for want of prosecution, the court has no power at a subsequent term to reinstate the certiorari for failure to give such notice. While it is true that the plaintiff could, under the provisions of Code §§ 3-508, 3-509, and 3-808, have recommenced his case, it nowhere appears that he has complied with these provisions; and since we cannot say that it was not for the lack of jurisdiction in the court to reinstate the case without a compliance with those provisions of the Code above cited that the superior court dismissed the certiorari, the judgment of the superior court dismissing the certiorari must stand.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided May 22, 1950.

*William J. Wiggins,* for plaintiff in error.
*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, William Hall, R. M. George,* contra.