**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles GATES, Defendant–Appellant.**

**No. 92–9284.**

United States Court of Appeals, Eleventh Circuit.

May 4, 1994.

Howard Jay Manchel, Manchel Johnson & Wiggins, Atlanta, GA, for appellant.

F. Gentry Shellnut, Bryan J. Farrell, Asst. U.S. Attys., Atlanta, GA, for appellee.

ON PETITION FOR REHEARING

Before ANDERSON and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

In this case we vacated the order of the district court denying Gates' motion for a new trial and remanded for a hearing on that motion. *U.S. v. Gates,* 10 F.3d 765 (11th Cir.1993). In all other respects the judgment of the district court was affirmed.

Gates has moved for rehearing on the sole issue of whether the court erred in refusing to permit the testimony of two expert wit-

nesses: one expert to testify concerning the credibility of eye witness testimony and another to testify on whether a photo array shown to witnesses was unduly suggestive.

The petition for rehearing must be granted. On remand the district court must reexamine the admissibility of the testimony of each of the experts in the light of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *See also U.S. v. Rincon,* 11 F.3d 922 (9th Cir.1993), *U.S. v. Amador–Galvan,* 9 F.3d 1414 (9th Cir.1993), and *Jones v. Arkansas,* 314 Ark. 289, 862 S.W.2d 242 (1993).

In complying with this mandate the district court may hold such hearings as it deems appropriate and shall enter an appropriate order affirming its rulings on the admissibility of the expert testimony or taking such further action as is appropriate.

A new appeal may be taken by either party from order(s) entered by the district court on remand.

In all respects other than the matter that our previous opinion directed be vacated and remanded and the remand ordered by the present opinion, the judgment of the district court is AFFIRMED.