**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Albert LEE, Defendant–Appellant.**

**No. 93–4624.**

United States Court of Appeals, Eleventh Circuit.

July 13, 1994.

Dennis N. Urbano, Miami, FL, for appellant.

Barry M. Sabin, Asst. U.S. Atty., Roberto Martinez, Alice Ann Burns, Linda Collins Hertz, U.S. Attys., Ft. Lauderdale, FL, for appellee.

Before COX and CARNES, Circuit Judges, and WOOD*, Senior Circuit Judge.

PER CURIAM:

Albert Lee appeals from his convictions on four counts of narcotics-related offenses. Lee contends that the district court improperly admitted evidence from two machines used to detect trace amounts of cocaine on

* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Lee's personal effects. These machines, the Sentor and Ionscan, incorporate the scientific techniques of gas chromatographic chemiluminescence and ion mobility spectrometry, respectively, to detect and isolate the location of minute quantities of illegal drugs. Lee argued that these machines and techniques were too experimental to provide admissible evidence.

After the district court applied the expert-testimony standard articulated in *Frye v. United States,* 293 F. 1013, 1014 (D.C.Cir.1923), and overruled Lee's objections to the government's technical evidence, the United States Supreme Court decided *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* — U.S. —, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *Daubert* held that the *Frye* rule was superseded by Fed.R.Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed.R.Evid. 702. *Daubert* offered significant new guidance on the interpretation and application of Rule 702 to the admissibility of expert scientific evidence. *See id.* at ———, 113 S.Ct. at 2794–98. Accordingly, we vacate the district court's entry of judgment against Lee, and remand for reconsideration in light of *Daubert. See United Stated v. Gates,* 20 F.3d 1550, 1550 (11th Cir.1994) (per curiam) (vacating and remanding in light of *Daubert* ).

At oral argument, Lee's counsel contended that *Daubert* governs only the admission of expert testimony, and *not* the admission of the results of specialized technical equipment, such as the drug-detecting machinery used by law enforcement officers in this case. We reject that contention. The results of such specialized, technical, diagnostic machinery are only admissible through the testimony of an expert witness; courts do not

distinguish between the standards controlling admission of evidence from experts and evidence from machines. *Cf. United States v. Piccinonna,* 885 F.2d 1529, 1535–37 (11th Cir.1989) (en banc) (applying rule 702 to the admissibility of evidence from polygraph machines). Rule 702 specifically applies to the admission of "scientific, technical, or other specialized *knowledge,*" a category of evidence that includes the results of technical devices. "(Emphasis added.)" Moreover, *Daubert* instructed courts weighing the admissibility of a scientific technique to "consider the known or potential rate of error" of that technique. —— U.S. at ——, 113 S.Ct. at 2786. Thus, on its own terms, *Daubert* applies not only to testimony about scientific concepts but also to testimony about the actual applications of those concepts.[1]

Accordingly, on remand, the district court should reassess the admissibility of the results of the Sentor and Ionscan devices in light of *Daubert.* The district court may hold any hearings it deems necessary, and shall enter an order either affirming the admissibility of the evidence or, if it finds the evidence inadmissible, taking appropriate further action. *Gates,* 20 F.3d at 1550. We encourage district courts to make specific fact findings concerning their application of Rule 702 and *Daubert* in each case where the question arises, because such findings will facilitate this Court's appellate review.

The district court's final order of judgment against Lee is VACATED and REMANDED for further proceedings consistent with this opinion. In all other respects, the district court's rulings are AFFIRMED.[2]

---

1. Although the same standard applies to expert testimony about scientific concepts (e.g., theories) and to evidence from scientific applications (e.g., machines), evidence from a scientific application is not admissible simply because the scientific concept underlying that application satisfies Rule 702. The application must satisfy Rule 702, too.

2. On appeal, Lee also challenged: (1) the district's denial of Lee's motion to sever his trial; (2) the district court's decision to qualify one of the prosecution's expert witnesses; (3) the district court's admission of certain "hearsay" evidence; and (4) the district court's enhancement of Lee's sentence for acting as the captain of a boat engaged in narcotics trafficking. We reject each of these challenges as without merit.