### A98A0160. ANGELL et al. v. HART et al.
(501 SE2d 594)

BEASLEY, Judge.

When they were returned to regular patrol, three police officers (Lisa Angell, Mike Earl and Brett Evans) lost the ten percent pay increase they had enjoyed while working in the Special Investigation Unit ("SIU") of the City of Warner Robins police force. After an evidentiary hearing, an administrative law judge recommended the increased rate of pay be reinstated and back pay be awarded. The matter was appealed to the city council, which unanimously overturned the decision. The superior court granted the officers' petition for certiorari but affirmed. In this discretionary appeal, the issue is whether the court considered each of the certiorari grounds raised by the officers.

1. Their first and third enumerations of error are that the court failed to consider whether the council's decision was supported by substantial evidence and whether it was contrary to the city's policies and procedures or federal constitutional law. The court's decision did address these matters.

Although the court focused primarily on the due process clause of the Fourteenth Amendment, which was the primary underlying basis for the officers' brief below, the court reviewed the record in a detailed ten-page opinion and articulated the evidence supporting the council's decision. The court further addressed the charter and code of the city of Warner Robins and both the equal protection and due process clauses of the United States Constitution. Thereafter it summarized: "Based on the evidence presented and the argument and citation of authority, the Court concludes that there exists substantial evidence to sustain the actions of the Respondents in reversing the decision of the administrative law judge. OCGA § 5-4-12 (b). Whatever inequities may exist in this matter, there have been no violations of Petitioners' rights under the Fourteenth Amendment of the United States Constitution or under the charter and code of the City of Warner Robins."

Even if the court had not expressly addressed these matters, its judgment overruling the certiorari should be affirmed if it is correct

for any reason.[1] The scope of review of the superior court's decision was "limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence."[2] As judicially construed, "in Georgia the substantial-evidence standard is effectively the same as the any-evidence standard."[3]

Evidence supported the council's decision. For example, in creating SIU the city stated the pay increase for assigned officers would continue only while they were assigned to SIU. The assignment of two of the officers was referred to as a transfer with specialist pay, which implied the temporary nature of the pay increase. The captain of SIU testified he told all new assignees the pay increase lasted only as long as the assignment. As explained by the court, the city simply wanted to supplement the pay of those in SIU based on the special nature of the work or the unique demands of the job, which would continue only as long as the assignment continued.

The law also supported the council's decision. OCGA § 36-34-2 (2) gave the city the power to define and alter the compensation of city employees.

"An appellate court reviewing the decision of an administrative board may not substitute its discretionary judgment for that of the board. [Cit.]"[4] Because there was evidence that the temporary nature of the pay increase was understood or at least implied, reducing the pay of the three officers upon their reassignment did not violate any charter or ordinance allowing demotions only for cause.

2. In their appellate brief, the officers argue that the court failed to consider whether the council decision violated the due process provision of the Georgia Constitution.[5] This was not raised in the petition for certiorari nor presented by brief to the trial court. The petition focused only on the United States Constitution and the city charter and code. By statute, "[n]o ground of error shall be considered which is not distinctly set forth in the petition."[6] And "[i]ssues 'presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken[. O]ne may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.' [Cit.]"[7]

3. The second enumeration is that the court erred in holding the

---

[1] *Zachry v. State*, 81 Ga. App. 637, 638 (59 SE2d 555) (1950).

[2] OCGA § 5-4-12 (b).

[3] *Emory Univ. v. Levitas*, 260 Ga. 894, 897 (1) (401 SE2d 691) (1991); see *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997).

[4] *City of Atlanta v. Lambright*, 205 Ga. App. 558, 561 (3) (423 SE2d 265) (1992).

[5] See Ga. Const. of 1983, Art. I, Sec. I, Par. I.

[6] OCGA § 5-4-12 (a).

[7] *Freeland v. State*, 223 Ga. App. 326, 327 (2) (477 SE2d 633) (1996).

Fourteenth Amendment afforded no substantive due process protection and in holding procedural due process was present. The only complaint about procedural due process is the court's alleged failure to address the sufficiency of the evidence. As stated above, the court did address this issue.

The substantive due process issue is controlled by *McKinney v. Pate*,[8] which points out the "Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component."[9]

The officers contend *McKinney* applies only to cases brought under 42 USC § 1983 (1988). Nothing in *McKinney* so limits it, and subsequent federal decisions not involving § 1983 have applied *McKinney* to dismiss claims of substantive due process.[10] It was not error to hold the Fourteenth Amendment afforded the officers no substantive due process protection for their state employment.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 14, 1998.

*Williams, Sammons & Sammons, George L. Williams, Jr., Walter G. Sammons, Jr.*, for appellants.
*James E. Elliott, Jr.*, for appellees.

---

[8] 20 F3d 1550 (11th Cir. 1994).
[9] Id. at 1560; see *Cleveland Bd. of Ed. v. Loudermill*, 470 U. S. 532, 539-541 (105 SC 1487, 84 LE2d 494) (1985); *Bishop v. Wood*, 426 U. S. 341, 349-350 (96 SC 2074, 48 LE2d 684) (1976).
[10] See *DeKalb Stone v. County of DeKalb*, 106 F3d 956, 959-960 (11th Cir. 1997); *Nat. Assoc. of Govt. Employees v. Barrett*, 968 FSupp. 1564, 1575, fn. 17 (N.D. Ga. 1997).
[1] Harper was granted an out-of-time appeal.