The appellant, Darrell Parker, was found guilty of two counts of unlawfully distributing a controlled substance. The trial court sentenced him to 20 years' imprisonment on each conviction and ordered him to pay a fine of $20,000, a Crime Victims Fund assessment of $75, attorney *Page 938 
fees of $1,000, and court costs. Evidence at trial tended to show that, on May 7, 1998, the appellant sold one $20 rock of crack cocaine to undercover narcotics agent Ben Brown and a second $20 rock of crack cocaine to undercover agent Darrell Holsomback. A forensics expert testified that she analyzed both rocks and determined that they were crack cocaine. The appellant testified in his own behalf that the rocks were not cocaine but were instead a substance he had made from baking soda, Orajel dental analgesic, and candle wax. He said that the samples could have been contaminated by cocaine residue from his hands.
 I.
The appellant first contends that the trial court erred in failing to conduct a hearing on the admissibility of certain drug tests offered by the State. Specifically, he argues that, in United States v. Lee, 25 F.3d 997 (11th Cir. 1994), the United States Court of Appeals for the Eleventh Circuit, citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), required that a hearing be held before the result of a gas chromatograph test could be admitted. The gas chromatograph test is one of several tests used in the present case.
In Ex parte Turner, 746 So.2d 355 (Ala. 1998), the Alabama Supreme Court held that, although the Daubert test, i.e., scientific evidence is admissible if it is reliable and relevant, should be used to determine the admissibility of DNA evidence in Alabama, the Frye test continues to apply to other types of scientific evidence. The Frye test requires novel scientific evidence to satisfy a test of "general acceptance" in the scientific community before it can be admitted. However, the test was not required in the present case because the gas chromatograph test was not novel. See, e.g., Miller v. State, 687 So.2d 1281
(Ala.Cr.App. 1996), in which the expert conducted a gas chromatograph spectrometer test and an infrared spectrometer test and testified that the forensic-science community had found the results from both testing devices to be accurate. In addition, in the present case, the results of the gas chromatograph test were corroborated by three additional tests: a color-spot screening test and two microcrystalline tests. Rule 45, Ala.R.App.P. The appellant has not challenged the admissibility of these additional tests on appeal.
 II.
The appellant next contends that the trial court erred in denying his supplemental discovery request. He argues that he was entitled to the requested information, which concerned the methodology underlying the drug tests performed by the State. He argues that, without this information, he could not know whether the testing methods were accurate.
The record reveals that the appellant's request concerned information related to his motion for a Daubert hearing, which was submitted on the same day. However, as set out in Part I, the appellant was not entitled to a Daubert hearing. The record also reveals that the appellant served his request and motion on the prosecutor less than two weeks before trial. The request was not included in the court file, and it was not brought to the judge's attention until two days before the trial began. Rule 16.1, Ala.R.Crim.P., states that a prosecutor has 14 days to comply with a defendant's discovery request.
Discovery matters are within the sound discretion of the trial judge. Williams v. State, 451 So.2d 411 (Ala.Cr.App. 1984). The court's judgement on these matters will not be reversed absent a clear abuse of discretion and proof of prejudice resulting from the abuse. Ex parte Harwell, 639 So.2d 1335 (Ala.Cr.App. 1993). Here, the information requested was not material, and the request was untimely. In addition, it is clear from the trial transcript that the appellant's counsel conducted a *Page 939 
vigorous and detailed examination of the State's expert witness, including the methods and procedures she used to conduct her tests. Based on the record, the trial court did not abuse its discretion or prejudice the defense by denying the appellant's supplementary discovery request.
 III.
The appellant's third contention is that the trial court erred in allowing police officers to testify as to the ultimate issue — whether the substance in question was crack cocaine. He argues on appeal that Rule 704, Ala.R.Evid., provides that otherwise admissible opinion evidence is to be excluded if it concerns the ultimate issue in the case. He further argues that the court should not have allowed the officers to characterize the substance as cocaine before expert testimony as to its identity had been admitted.
The appellant's argument cannot be considered because it was not properly preserved. The record reveals that, after Agent Brown testified that he and Agent Holsomback each purchased "a twenty dollar piece of crack cocaine," the appellant's counsel stated, "Objection to the characterization." A police sergeant later testified that he had received State's Exhibit 2, "a piece of rock cocaine." The counsel again stated, "Objection to characterization."
A defendant must state grounds of objection, and all grounds not specified are waived on appeal. Reeves v. State, 456 So.2d 1156
(Ala.Cr.App. 1984). Here, the appellant did not specify at trial the ground that he now argues on appeal. The trial court will not be put in error on grounds not assigned at trial. Brown v. State, 701 So.2d 314 (Ala.Cr.App. 1997).
 IV.
The appellant contends that the trial court erred in overruling his objection to test results that were revealed to him for the first time during trial. He argues that the court's discovery order specifically directed the State to produce or to make available at the discovery conference the results of any scientific or expert test to be used at trial. He argues that he was effectively denied his right of cross-examination because, he says, the State failed to comply with the discovery order and with Rule 16.1, Ala.R.Crim.P.
The record reveals that, during the qualification of the State's forensics expert, the appellant's counsel was handed the results of a drug analysis on one of the cocaine samples. The expert explained that she had analyzed one sample six months earlier but did not analyze the second sample at that time because, due to a backlog, she worked only on samples on which a "rush" was requested. She said that she analyzed the second sample on the day of trial because she had received only one rush request with regard to the appellant's case.
When the second analysis was produced, defense counsel acknowledged that she knew that there were two counts against the appellant. She said that she was objecting because "I thought there was one test combining two substances and then I find out there's two tests." However, the expert explained that identical sets of tests had been performed on both samples and all of the results indicated that both samples were crack cocaine. Defense counsel then conducted an extensive and very similar cross-examination with regard to both samples and sets of results. Based on the record, the appellant's cross-examination was not prejudiced because one set of results was provided during the trial. A judgement will not be set aside on the ground of the improper admission of evidence unless it appears that a substantial right of the appellant probably was adversely affected. Rule 45, Ala.R.App.P.
 V.
This cause must be remanded because the trial court did not include in the *Page 940 
appellant's sentence the penalties required under the Demand Reduction Act. On remand, the trial court is directed to take such actions as necessary to impose the monetary penalty and driver's license penalty specified in § 13A-12-280, Ala. Code 1975. A return should be filed with this court within 21 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On August 18, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 31