A05A1504. SCALES v. TEXTRON FINANCIAL CORPORATION.
(622 SE2d 903)

Bernes, Judge.

Defendant William P. Scales appeals from the trial court's grant of partial summary judgment to plaintiff Textron Financial Corporation ("Textron"). For the reason set out below, we affirm.

"On appeal from the grant of summary judgment[,] this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations and punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002).

So viewed, the record reflects that Textron provided financing and leasing to Scales Creek Country Club, Inc. (the "Club"). In order to effectuate the financing and leasing, Textron and the Club entered into two Loan and Security Agreements, in addition to a Schedule to Master Lease Agreement (collectively, the "Agreements"). So that payment would be secured under the Agreements, it is undisputed that Scales, who served as president of the Club, executed two personal guarantees and delivered them to Textron. Likewise, it is undisputed that David Scales, another principal involved in the operation of the Club who was William Scales' brother, also executed the personal guarantees and thus became a co-guarantor of the payments owed to Textron.[1]

On November 24, 2003, Textron commenced the instant action against the Club and Scales, contending that the Club had defaulted on the payments due under the Agreements and that Scales, as guarantor, was jointly liable for the unpaid debt. Textron subsequently moved for summary judgment against Scales, contending that based on the signed guarantees, there was no genuine issue of material fact over whether Scales was liable for the principal amounts owed under the Agreements plus interest, late charges, and attorney

---

[1] David Scales died in a plane crash prior to the commencement of this lawsuit but after a Textron representative allegedly orally released William Scales from the two guarantees, as discussed below.

fees. The trial court granted summary judgment to Textron on all issues except its entitlement to attorney fees.

On appeal, Scales contends that a genuine issue of material fact exists as to whether Textron released him from his obligations under the two guarantees. In support of his contention, Scales relies solely upon his affidavit in which he averred that a Textron representative orally informed him that he would no longer be held responsible under the two guarantees and that his brother David would remain the sole guarantor. Scales further averred that Textron released him from his obligations after learning that his brother David and he had reached an agreement under which David would have sole control and management over the Club from that point forward. Finally, Scales averred that David told him that Textron had confirmed to David in writing that Scales was released from his obligations under the guarantees. However, Scales did not include in the summary judgment record a copy of the purported written release of which David allegedly spoke.

Before reaching Scales' substantive argument on appeal, we must first resolve what law should be applied in this case. Although he also cites to Georgia cases in an effort to support his position, Scales argues that both guarantees have a choice of law provision that requires application of Rhode Island law in determining the validity and enforceability of the alleged release.[2] "[I]n the absence of contrary public policy, our courts normally will enforce a contractual choice of law provision, as the parties by contract may stipulate that the laws of another jurisdiction will govern the transaction." *Nationwide Logistics v. Condor Transport*, 270 Ga. App. 277, 280 (2) (606 SE2d 319) (2004). Textron does not point to any policy considerations that would foreclose the application of Rhode Island law in this case. As such, we will apply Rhode Island law to resolve whether Scales has created a genuine issue of fact over whether he was validly released from the guarantees.

We conclude that he has not. The alleged release from the two guaranty agreements is invalid as a matter of law because Scales presented no evidence of consideration. Under Rhode Island law, the modification of a contract or release therefrom is valid and enforceable only if supported by adequate consideration. See *Bourg v. Bristol Boat Co.*, 705 A2d 969, 971 (R.I. 1998); *Fondedile, S.A. v. C.E. Maguire, Inc.*, 610 A2d 87, 92 (R.I. 1992); *Guglielmi v. Rhode Island Hosp. Trust Financial Corp.*, 573 A2d 687, 689 (R.I. 1990). See generally *Rhode Island Five v. Med. Assoc. of Bristol County*, 668 A2d

---

[2] Both guarantees provide: "THIS GUARANTY SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF RHODE ISLAND. . . ."

1250, 1254 (R.I. 1996) ("The requirement of consideration is designed primarily to ensure that a promisor will not be compelled to perform donative promises.") (citation omitted).[3] Scales has failed to point to record evidence showing that he or a third party provided any consideration in return for receiving the purported release from the Textron representative. Under these circumstances, Scales has failed to establish a genuine issue of material fact over whether he was provided a valid and enforceable release from the guaranty agreements. Textron thus was properly granted partial summary judgment.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Cook, Noell, Tolley, Bates & Michael, J. Vincent Cook, Robert C. Irwin III*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Bret T. Thrasher*, for appellee.

---

[3] In the case below, Scales initially relied upon R.I. Gen. Laws § 6A-3-604 (a) (2004) in order to argue that Rhode Island law does not require consideration for a release from a guaranty agreement. However, during oral argument on his summary judgment motion, Scales' counsel stated that the defense was no longer relying on that provision because the guaranty agreements at issue were not negotiable instruments under the circumstances of this case. Accordingly, Scales abandoned his argument that he could be released from the guaranty agreements without consideration pursuant to R.I. Gen. Laws § 6A-3-604 (a). *Angell v. Hart*, 232 Ga. App. 222, 223 (2) (501 SE2d 594) (1998).