[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

No. 05-14387
Non-Argument Calendar
_____

D. C. Docket No. 04-00137-CV-AAA-1

MIKE H. SAMADI,

Plaintiff-Appellant,

versus

MBNA AMERICA BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 21, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Mike H. Samadi, proceeding *pro se*, appeals the dismissal of his complaint

without prejudice following the grant of MBNA's motion to compel arbitration.

Samadi asserts the arbitration agreement was not binding. The district court did not err, and we affirm.

## I.

MBNA contends this Court lacks jurisdiction because Samadi's notice of appeal failed to identify the court to which the appeal was taken, as required by Federal Rule of Appellate Procedure 3(c)(1). A notice of appeal "must: (A) specify the party or parties taking the appeal . . .; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). However, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). Additionally, *pro se* litigants' pleadings are to be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Although Samadi's notice of appeal did not specify he was appealing to this Court, his notice was timely filed in the correct district court and identified the correct parties to the suit and the district court's case number. Construing Samadi's *pro se* filing liberally, his notice of appeal was clear and otherwise complied with the requirements of Rule 3(c), and we have jurisdiction over this appeal.

## II.

We review the district court's decision to compel arbitration de novo. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 n.6 (11th Cir. 2005), *petition for cert. filed*, (U.S. Jan 30, 2006) (No. 05-959). "If all the provisions of the arbitration clause are enforceable, then the court must compel arbitration according to the terms of the agreement." *Terminix Int'l. Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005).

The validity of an arbitration agreement is generally governed by the Federal Arbitration Act (FAA). 9 U.S.C. §§ 1 *et seq*. 9 U.S.C. § 2 states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

"[W]hile the FAA requires that the arbitration agreement be in writing, it does not require that it be signed by the parties." *Caley*, 428 F.3d at 1368. If a suit brought in the district court contains "any issue referable to arbitration under an agreement in writing for such arbitration," and one of the parties makes a motion to stay the proceeding, the district "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3.

3

"[C]ourts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA." *Caley*, 428 F.3d at 1367 (citations omitted). General contract principles apply to arbitration agreements. *Id.* at 1372. "[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Id.* at 1368. "Thus, in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." *Id.* "[A] court can decline to enforce an arbitration agreement under the FAA only if the plaintiffs can point to a generally applicable principle of contract law under which the agreement could be revoked." *Id.* at 1371 (emphasis omitted).

"A federal district Court is bound to apply the conflict of laws rules prevailing in the forum state." *Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1577 (11th Cir. 1990). Under Georgia law, choice-of-law provisions in contracts are enforced in the absence of contrary public policy. *Scales v. Textron Fin. Corp.*, 622 S.E.2d 903, 904 (Ga. Ct. App. 2005). In this case, where the contract explicitly designates Delaware law as the law that applies, and no public policy contrary to enforcing the parties' choice of law has been identified, Delaware law should be applied.

4

Under Delaware law, "a bank may at any time" amend a revolving credit plan agreement "in any respect, whether or not the amendment or the subject of the amendment was originally contemplated or addressed by the parties or is integral to the relationship between the parties." Del. Code. Ann. tit. 5, § 952(a) (2005). Arbitration is specifically listed as one of the terms of an agreement that may be altered. *Id.* "Any notice of an amendment sent by the bank may be included in the same envelope with a periodic statement or as part of the periodic statement or in other materials sent to the borrower." *Id.*

Federal Rule of Civil Procedure 43(e) provides: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." We have held it is not an abuse of discretion to decide a motion to dismiss based on affidavits and other documents where neither party made a timely request for a hearing. *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249-51 (11th Cir. 2005).

The Delaware Superior Court has held the same arbitration clause at issue in this case, sent out in the same manner as in the instant case, was enforceable. *Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1257-60 (Del. Super. Ct. 2001). In that case, MBNA presented the affidavit of a Senior Vice President, stating MBNA

5

had mailed notice of the amendment to the address where the plaintiff's statements were sent on or about December 20, 1999, and MBNA's files contained no information that the plaintiff opted out of the arbitration provision. *Id.* at 1251, 1254. As in the instant case, the plaintiff claimed he never received the notice of the amendment, but provided nothing more than his assertion he never received the mailing. *Id.* at 1258. The Delaware court held MBNA's affidavit was sufficient to show the plaintiff received the notice and failed to opt out of the arbitration agreement. *Id.*

Samadi never objected to MBNA's affidavit or requested an evidentiary hearing, and the district court did not abuse its discretion in relying on the affidavit. The original agreement stated it could be amended pursuant to Delaware law and MBNA's affidavit showed the amendment had been sent out in compliance with Delaware law, thus, the arbitration agreement was valid. The agreement was broad enough to cover all of Samadi's claims, and the district court did not err in dismissing the case and granting the order to compel arbitration. The district court protected Samadi's right to litigate any issues found non-arbitrable by dismissing the case without prejudice.

AFFIRMED.