IN THE UNITED STATES DISTRICT COURT FOR 
 THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

DELORES RILEY, ) 
 ) 
Plaintiff, ) 
 ) 
 v. ) CIVIL CASE NO. 1:19-cv-655-ECM 
 ) (WO) 
TOWER LOAN OF MISSISSIPPI, LLC, ) 
 ) 
Defendant. ) 

 MEMORANDUM OPINION and ORDER 
Plaintiff Delores Riley (“Riley”) filed this action against defendant Tower Loan of 
Mississippi, LLC (“Tower Loan”) alleging that she had been discriminated against based 
on her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 
§ 2000e, et. seq.. She also brings a state law claim of breach of contract. She seeks 
compensatory and punitive damages, injunctive relief, and attorney fees. The court has 
jurisdiction over the federal claim pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-
5, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367. 
This action is now pending before the court on the parties’ joint motion to compel 
arbitration (doc. 13) filed on November 21, 2019. The “parties agree that the claims alleged 
in this suit fall within the scope of a valid arbitration agreement that was entered in 
interstate commerce, such that the FAA applies.” (Id. at 1, para. 4). The parties ask the 
Court to enter an order staying this case or dismissing the action without prejudice. (Id. at 
2, para. 5). Upon consideration of the motion, and for the reasons that follow, the court 
concludes that the motion to compel arbitration should be granted, the motion to dismiss 
should be granted and the motion to stay should be denied. 
 FACTS 

For the purpose of the motion to compel arbitration, the following facts are 
undisputed. On March 12, 2018, Riley became an employee of Tower Loans in Dothan, 
Alabama. On that date, she signed an Employment Agreement with Tower Loans that 
contains an arbitration provision. (Doc. 13, Ex. 1, para. 5) 
The arbitration agreement provides as follows: 

 5. Except for the equitable relief authorized by paragraph 
 41 hereto, the parties shall submit all other disputes, legal or 
 otherwise, relating to or in any way concerning either the 
 employment relationship or this Agreement to binding 
 arbitration. The arbitrable issues include, but are not limited 
 to, the scope of arbitration; the interpretation and construction 
 of this Agreement; claims alleging breach of contract; claims 
 based on race, sex, disability, or religious matters; disclosing 
 to third-parties any information obtained by Tower under this 
 Agreement; wage and hour or other compensation disputes; 
 libel and/or slander; Fair Credit Reporting Act violations; 
 wrongful discharge; and providing third-parties information 
 about Employee’s performance or facts of Employee’s 
 discharge or quitting, or any other matter relating to or 
 concerning the Employee’s relationship to Tower. There will 
 be no right or authority for any dispute to be brought, heard or 
 arbitrated as a class or collective action. 

(Id.) (footnote added). 

1 Paragraph 4 contemplates equitable relief in the form of a temporary restraining order and/or 
preliminary and permanent injunctive relief, none of which is at issue in this case. 
The Plaintiff filed this action on September 9, 2019, alleging that she was 
discriminated against on the basis of her sex when she was terminated for failing to agree 
to relocate from Dothan, Alabama and asserting a claim of breach of contract. 

 STANDARD OF REVIEW 
Pursuant to the Federal Arbitration Act (“FAA”), “[a] written provision in any . . . 
contract evidencing a transaction involving commerce to settle by arbitration a controversy 
. . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon 
such grounds as exist at law or in equity for the revocation of any contract.” 9 U.S.C. § 2. 

The parties agree that a valid agreement to arbitrate exists between the parties, and they do 
not dispute that the arbitration provisions satisfy the FAA’s requirement of a contract 
“involving commerce.” Id. Consequently, the court concludes that the parties’ joint 
motion to compel arbitration pursuant to the FAA should be granted. 
There remains, however, the parties’ motion to stay or dismiss the case without 

prejudice. Although 9 U.S.C.§ 3 suggests the Court “stay the trial of the action until such 
arbitration has been had in accordance with the terms of the agreement,” the circumstances 
of this case support dismissal without prejudice. 
 Although 9 U.S.C. § 3 speaks in terms of requiring a stay when 
 an action is referred to arbitration, the weight of authority from 
 district courts within this Circuit (and other circuit courts of 
 appeals) supports a dismissal of an action when, due to an order 
 compelling arbitration, there are no substantive claims left 
 pending before the district court. Halford v. Deer Valley Home 
 Builders, Inc., No. 2:07cv180-ID(WO), 2007 WL 1229339 at 
 *3 (M.D. Ala. Apr. 25, 2007); see also Clayton v. Woodmen of 
 World Life Ins. Soc., 981 F. Supp. 1447, 1451 (M.D. Ala. 
 1997); Dale v. Comcast Corp., 453 F. Supp. 2d 1367, 1378 
 (N.D. Ga. 2006)(citing Choice Hotels Int'l, Inc. v. BSR 
 Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 
 2001)); Gilchrist v. Citifinancial Servs., Inc., No. 6:06cv1727-
 ORL-31KRS, 2007 WL 177821, *4 (M.D. Fla. Jan. 19, 2007). 
 Furthermore, although the Eleventh Circuit has not directly 
 addressed the propriety of dismissal in lieu of a stay 
 under 9 U.S.C. § 3, it has “frequently affirmed where the 
 district court compelled arbitration and dismissed the 
 underlying case.” Gilchrist, 2007 WL 177821 at *4 
 (citing Samadi v. MBNA Am. Bank, N.A., 178 Fed. Appx. 863 
 (11th Cir. 2006), cert. denied, 127 S. Ct. 494 (2006); Caley v. 
 Gulf Stream Aerospace Corp., 428 F.3d 1359 (11th Cir. 
 2005); Jackson v. Cintas Corp., 425 F.3d 1313 (11th Cir. 
 2005)). 

Smith v. RJC, LLC, 2018 WL 3848407, at *2 (N.D. Ala. 2018). 
Section 3 was “not intended to limit dismissal of a case in the proper circumstances.” 
Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). 
 Although we understand that plaintiff's motion to 
 compel arbitration must be granted, we do not believe the 
 proper course is to stay the action pending arbitration. Given 
 our ruling that all issues raised in this action are arbitrable and 
 must be submitted to arbitration, retaining jurisdiction and 
 staying the action will serve no purpose. Any post-arbitration 
 remedies sought by the parties will not entail renewed 
 consideration and adjudication of the merits of the controversy 
 but would be circumscribed to a judicial review of the 
 arbitrator's award in the limited manner prescribed by law. 

Id. 
The parties agree that all claims raised in this litigation are properly resolved in 
arbitration. Upon completion of the arbitration, there would be no claims remaining for 
this Court to decide on the merits. 
Consequently, the Court concludes that the parties’ joint motion to dismiss without 
prejudice is due to be granted and the alternative motion to stay is due to be denied. 
 CONCLUSION 
For the reasons as stated, and for good cause it is 
ORDERED as follows: 

1. the parties’ joint motion to compel arbitration (doc. 13) is GRANTED, and
the parties shall submit to arbitration in accordance with the provisions of the arbitration 
agreement; 
2. the parties’ joint motion to stay (doc. 13) is DENIED; and 
3. the parties’ joint motion to dismiss without prejudice (doc. 13) is

GRANTED, and this case is DISMISSED without prejudice. 
A separate final judgment will be entered. 
Done this 16th day of December, 2019. 

 /s/Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE