**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 16, 2023**

# In the Court of Appeals of Georgia

A23A0031. ROBERTS v. BEACON FUNDING CORPORATION.

DOYLE, Presiding Judge.

In this contract action on a commercial equipment lease, Alvin Roberts, Sr., appeals from the trial court's grant of summary judgment in favor of Beacon Funding Corporation. On appeal, Roberts argues that the trial court erred in excluding evidence under the parol evidence rule. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to Roberts, as the nonmovant below,[1] the record shows the following. Roberts entered into a 42-month lease with Beacon for a truck and trailer. The agreement provided that Roberts would pay $3,990 monthly and put down $7,980 as a security deposit. Nonpayment constituted a default, upon which Beacon could, among other remedies, accelerate the rest of the lease payments,

---

[1] See *Griffin v. State Bank*, 312 Ga. App. 87 (718 SE2d 35) (2011).

repossess the equipment, and sell the equipment, applying any proceeds to the unpaid balance. Additionally, the lease contained a merger provision, providing that the "[l]ease constitutes the entire agreement between [Beacon] and [Roberts] hereto and replaces and supercedes all prior agreements and discussions between the parties with respect to the subject matter of this [l]ease and may be modified only by a written instrument signed by [Beacon] and [Roberts]." Rental payments would begin on April 1, 2019.

In August 2019, Beacon sent Roberts an acceleration notice asserting that Roberts had failed to make payments and demanding all amounts due under the agreement. Beacon also sent Roberts a notice that Beacon intended to repossess and sell the equipment. Beacon ultimately sold the truck and trailer, and, after applying the proceeds from the sale, calculated that Roberts owed $107,210.75.

Beacon sued Roberts for this amount, plus interest and attorney fees. It later filed a motion for summary judgment. Roberts opposed the motion, attesting in an affidavit that he had made an initial down payment of approximately $21,000, rather than the $7,980 provided for in the lease. He contended that this excess $13,020 was held in an "escrow account" by Beacon, and that Beacon had assured him that, in the event of a missed payment, Beacon would withdraw from the escrow account to

ensure Roberts would not go into default under the lease. Roberts attested that Beacon refused to apply the escrow or security deposit toward the late payments and thus breached its agreement with him.

The trial court granted Beacon's motion for summary judgment. The court reasoned that the escrow account was not referenced in the lease and Roberts's affidavit to the contrary constituted parol evidence. This appeal followed.

> We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the movant meets this burden, the nonmovant cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

With these guiding principles in mind, we now turn to Roberts's claims of error.

In related claims of error, Roberts argues that the trial court erred in finding that the lease constituted the complete and exclusive agreement between the parties,

---

[2] (Citations and punctuation omitted.) See *Callaway Gardens Resort, Inc. v. Grant*, 365 Ga. App. 222, 223-224 (878 SE2d 65) (2022).

and thus erred in excluding his affidavit under the parol evidence rule. He contends that his affidavit provided evidence of consistent additional terms to the contract.

We apply Illinois law because the lease between the parties contained an Illinois choice-of-law provision.[3] "The basic notion of the parol evidence rule is that a writing intended by the parties to be a final expression of their agreement may not be contradicted by certain kinds of evidence."[4] Illinois, like Georgia, has adopted the Uniform Commercial Code's implementation of the parol evidence rule:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
>> (a) by course of performance, course of dealing, or usage of trade (Section 1-303) [810 ILCS 5/1-303]; and

---

[3] See *Scales v. Textron Fin. Corp.*, 276 Ga. App. 232, 233 (622 SE2d 903) (2005) ("In the absence of contrary public policy, our courts normally will enforce a contractual choice of law provision, as the parties by contract may stipulate that the laws of another jurisdiction will govern the transaction.") (citation and punctuation omitted). The lease also contained an Illinois choice-of-venue provision, but neither party sought to enforce that provision in the trial court.

[4] *Hessler v. Crystal Lake Chrysler-Plymouth, Inc.*, 338 Ill. App. 3d 1010, 1019 (II) (B) (788 NE2d 405) (2003).

(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.[5]

Roberts contends that his affidavit constituted evidence of "consistent additional terms," and that the trial court erred in finding that the lease was intended as a "complete and exclusive statement of the terms of the agreement" under subsection (b). The trial court relied on the merger clause — that the lease "constitute[d] the entire agreement between [Beacon] and [Roberts]" — in making this determination. We agree that this merger clause demonstrated that the agreement was completely integrated and constituted a final expression of the parties' intent.[6]

Roberts points to alleged ambiguities in the lease, and Beacon's subsequent letters to him, to argue that the lease was not completely integrated. But Beacon's acceleration and repossession letters did not represent additional terms of the lease or evidence that the lease was incomplete; rather, those letters sought to enforce

---

[5] 810 ILCS 5/2-202; accord OCGA § 11-2-202.

[6] See *Hessler*, 338 Ill. App. 3d at 1020 (II) (B) (holding that a similar clause demonstrated that the agreement between the parties was completely integrated).

Beacon's remedies in the event of a default.[7] And the existence of any ambiguities would not expand the terms of the lease, but would instead allow the court to interpret those ambiguous terms.[8]

Additionally, even if the lease was not a complete and exclusive statement of the terms of the agreement, Roberts's affidavit was not "consistent" with the lease under 810 ILCS 5/2-202 (b). In the summary of payment terms, the lease provided "Advance Payments: N/A." The lease later stated that "[t]his [l]ease cannot be cancelled, prepaid or terminated except as expressly provided herein." The escrow account attested to by Roberts in his affidavit essentially constituted an advance or prepayment, but the lease provided that Roberts did not tender such a payment. While

---

[7] Roberts repeatedly references the term "residual interest" and "residual" to argue that the lease was not a complete and exclusive statement of the parties' intent. The lease provided that Beacon could recover from Roberts "any loss of or damage to [Beacon's] residual interest in the [e]quipment." By the plain language of the contract, this "residual interest" was the value of the truck and trailer after the conclusion of the lease. Beacon's initial acceleration letter included a calculation for the residual value because Beacon had not yet recovered the equipment. After it repossessed and sold the vehicle, Beacon removed the residual from its damages calculation, because by recovering the vehicle it had captured any residual value. Beacon's use of these terms did not constitute an additional provision of the lease.

[8] See *Hessler*, 338 Ill. App. 3d at 1020-1021 (II) (B) (explaining that the parol evidence rule under 810 ILCS 5/2-202 is not a rule of interpretation, but instead defines the subject matter of interpretation).

the lease contained a provision that Beacon "may apply" the security deposit toward any of Roberts's obligations under the lease, the lease did not require Beacon to do so, nor did the lease reference a separate escrow account from Roberts. Thus, because the lease provided that Roberts did not tender any advance payments, Roberts's affidavit was not "evidence of consistent additional terms[.]"[9]

Finally, we note that Roberts, both on appeal and before the trial court, did not challenge Beacon's damages calculation, or seek recompense for the amounts allegedly tendered into an escrow account. Instead, he relied solely on the argument that he did not default under the lease. But, as explained above, his affidavit was neither consistent with the terms of the lease, nor did he demonstrate that the lease was an incomplete agreement. Accordingly, the trial court did not err in finding that the affidavit could not impose additional terms on the lease under the parol evidence rule.[10]

For these reasons, we affirm the trial court's grant of summary judgment in favor of Beacon.

*Judgment affirmed. Barnes, P. J., and Land, J. concur.*

---

[9] 810 ILCS 5/2-202 (b).

[10] See 810 ILCS 5/2-202.